

LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC.



E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA



DELLA KING,

      Plaintiff,

vs.

AT&T OPERATIONS, INC., corporation, et al.,

      Defendants.

Case No. **C 07 2600**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (DIVERSITY JURISDICTION)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

    PLEASE TAKE NOTICE that defendant AT&T OPERATIONS, INC. ("defendant") hereby removes to this Court the state court action described below.

    1.    On October 2, 2006, an action was commenced in the Superior Court of the State of California, County of Alameda, entitled, <u>Della King V. SBC Operations, Inc., a foreign corporation and Does One through Five, inclusive</u>, as Case No. RG 06 291737 (the "Action"). (A true and correct copy of the original complaint is attached hereto as Exhibit "A.") Plaintiff Della King ("plaintiff") filed a First Amended Complaint and a Second Amended Complaint on October 13, 2006 and April 18, 2007, respectively. (True and correct copies of the First Amended Complaint and the Second Amended Complaint are attached hereto as Exhibits "B" and "C," respectively). The Second Amended Complaint substituted "AT&T Operations, Inc." for the originally named defendant "SBC Operations, Inc."

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2.    The first date upon which the defendant received a copy of plaintiff's complaint was April 16, 2007, when plaintiff attempted service of a copy of the Second Amended Complaint by mail, along with a Notice of Acknowledgement of Receipt (the "Notice"). Service was effected upon execution of the Notice of Acknowledgement of Receipt by defendant on April 27, 2007. (A true and correct copy of the Notice is attached hereto as Exhibit "D.")

4.    On May 16, 2007, defendant answered the Second Amended Complaint. (A true and correct copy of the Answer is attached hereto as Exhibit "E.")

5.    Exhibits "A" through "E" comprise all effective process and pleadings received by defendant.

6.    This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, because plaintiff alleges retaliation in violation of public policy, age and disability discrimination and seeks recovery for lost wages, employment benefits, special and general damages, attorneys' fees and punitive damages.

7.    Defendant is informed and believes that plaintiff was, at the time of the filing of this action, and still is, a citizen of the state of California. Defendant was, at the time of the filing of this action, and still is, a citizen of a different state having been incorporated in the state of Delaware and having its principal place of business in the state of Texas.

8.    Defendant requests that the Court accept this Notice of Removal and that the Action pending against it in the Superior Court of the State of California, Alameda County, Case No. RG 06 291737, be removed to this Court for all proceedings.

DATED: May 16, 2007                    LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T OPERATIONS, INC.

ATT\King\Pldg\removal-notice.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c) (DIVERSITY JURISDICTION)

**PROOF OF SERVICE**

I declare:

I am a U.S. citizen and employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On May 16, 2007, I served the document named below on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a)-(c)**
**(DIVERSITY JURISDICTION)**

X__    (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____    (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

____    (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____    (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

M. Van Smith, Esq.
1696 Mendenhall Drive
San Jose, California 95130
**Facsimile: (408) 273-6496**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  May 16, 2007_____ , at San Francisco, California.

_Nicole S. Block_
Nicole S. Block

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

EXHIBIT A

*5232989*

1  M. VAN SMITH
2  State Bar No. 32007
   1696 Mendenhall Drive
3  San Jose, California 95130
   Telephone (408) 364-1062
4

5  Attorney for Plaintiff
   DELLA KING
6

FILED
ALAMEDA COUNTY

OCT 4 3 2006

CLERK OF THE SUPERIOR COURT
By _____
                    Deputy

7         THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               FOR THE COUNTY OF ALAMEDA

9                   UNLIMITED JURISDICTION

10

11  DELLA KING,                    Case No. RG06  291737

12                    Plaintiff,   COMPLAINT FOR DAMAGES
             vs.                   1. Retaliation
13                                 2. Disability Discrimination
    SBC OPERATIONS, INC., a foreign  3. Age Discrimination
14  corporation, DOES ONE through FIVE,
                                   JURY TRIAL DEMANDED
15                    Defendants.

16

17      Plaintiff alleges:

18                   FIRST CAUSE OF ACTION
          RETALIATION IN VIOLATION OF PUBLIC POLICY
19

20      1.  Defendant SBC Operations Inc., ("SBC ") is a foreign corporation.

21      2.   Defendants   Does One through Five are sued under fictitious names

22  pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes,

23  and on that basis alleges, that each defendant sued under such fictitious names is in

24  some manner responsible for wrongs and damages as alleged below, conspired to

25  commit the wrong alleged herein, and acted as the agent and employee of SBC.

26      3.  Plaintiff was employed by SBC.  On Mary 19, 2005, she  returned to work

27  part time (20 hours per week) from a disability.

28      4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16 ,

                                1

ATT.KING 000007

2005 to May 31, 2005.  The check was for $2,358.84 with $312 as a disability offset.

5.    Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005.  The check was for $2,670.84.  There was no disability offset.

6.  Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005.  The check was for $607.  There were disability offsets of $971 and $1,092.62.  Plaintiff spoke to the administrators of SBC's payroll and SBC Medical Absence and Accommodation Resource Team, ("SMAART").  Plaintiff claimed that the offset was excessive.  Plaintiff was not able to resolve the dispute.

7.  Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005.  SBC made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8.  From July 22, 2005 until September 6, 2005, plaintiff was on full disabilty and then she returned to work part time.  SBC and SMAART discovered that too much had been offset from the pay of plaintiff.

9.    On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how SBC had acted illegally in making offsets from her wages.

10.  On September 21, 2005, plaintiff returned to work.

11.    Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with SBC was being eliminated.

12.  Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13.  A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that  reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020,  *Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's  Catering v.*

ATT.KING 000008

*DIR* (1962) 57 Cal.2d 319, 369.

14.  SBC retaliated against plaintiff by causing her to be terminated from her employment.

15.  As a direct result of the retaliation, plaintiff sustained special damages in an amount according to proof in the loss of back pay, front pay, and benefits that plaintiff would have had if she not been forced to terminate her employment with SBC.

16.  The conduct of SBC was fraudulent, oppressive, or malicious. Plaintiff should be entitled to punitive damages.

WHEREFORE, plaintiff prays for special and general damages according to proof, exemplary damages according to law, prejudgment interest according to law, for costs of suit, attorney's fees, and for such other relief as the court deems proper.

### SECOND CAUSE OF ACTION
### DISCRIMINATION BECAUSE DISABILITY

17.  Plaintiff incorporates the allegations of paragraphs one through 16.

18.  SBC perceived that plaintiff suffered from a disability.

19.  The policy of SBC was to discriminate persons who had disabilities or persons who SBC perceived as having disabilities.

20.  The motivation of the adverse action against plaintiff was in part because SBC perceived plaintiff as being disabled. Plaintiff was not disabled and would have been able to do the work assigned to her.

21.  Plaintiff exhausted her administrative remedies. Plaintiff filed a complaint with the Department of Fair Employment & Housing. On August 30, 2006, plaintiff received a right-to-sue letter from the Department of Fair Employment & Housing. A copy of the complaint and notice of case closure are attached as Exhibit A.

WHEREFORE, plaintiff prays for judgment as prayed above and for reinstatement of her employment,

//

3

ATT.KING 000009

1

2

## THIRD CAUSE OF ACTION

## DISCRIMINATION BECAUSE OF AGE

3

22.    Plaintiff incorporattheallegations of paragraphs one through 21.

4

23.    Plaintiff was over the age of 40 years.

5

WHEREFORE, Plaintiff prays for judgment as prayed above.

6

### REQUEST FOR JURY TRIAL

7

Plaintiff requests a trail by jury.

8

Dated: September 26, 2006.

9

10

_M. Van Smith_

M. VAN SMITH

11

Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

ATT.KING 000010

**\* \* \* EMPLOYMENT \* \* \***

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # __E200607M0210-00-apc__

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
_Ms. Delia A. King_

ADDRESS    TELEPHONE NUMBER (INCLUDE AREA CODE
_122 Castro Street  San Leandro 94577_

CITY/STATE/ZIP    _Alameda_    COUNTY    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
_AT&T Long Distance_

ADDRESS    TELEPHONE NUMBER (Include Area Code
_5850 West Las Positas Blvd_

CITY/STATE/ZIP    DFEH USE ONLY
_Pleasanton, CA 94~~58~~ 94588_

NO. OF EMPLOYEES/MEMBERS (If known)    COUNTY    COUNTY CODE
_100 +_

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year) _10.21.2005_    RESPONDENT CODE

THE PARTICULARS ARE:

On _10.21.2005_   I was

- ___ fired
- ___ laid off
- ___ demoted
- ___ harassed
- ___ genetic characteristics testing
- _X_ forced to quit _RETIRED_

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify)

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by _Steve Grimm_    _Associate Vice President  AT&T Operations_
Name of Person      Job Title (supervisor/manager/personnel director/etc.)

because of my:
- ___ sex
- _(age)_
- ___ religion
- _/_ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- _X_ physical disability
- ___ mental disability
- ___ cancer
- ___ genetic characteristic
- _X_ other (specify) _SEE No other explanation given_

(Circle one) filing;
Protesting; participating in
investigation (retaliation for)

the reason given by _30-Day Surplus Notification Letter (utilized for workforce reduction)_
Name of Person and Job Title

Was
because of
[please state
what you
believe to be
reason(s)]

_I believe the reasons to be AGE, RACE, SEXUAL orientation
Disability resulting in lost time from WORK AND retaliation. I was
given a surplus letter but he hired another employee. Same department, same
job, same title. She is non-African American and younger._
_(see attached.)_

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _8.29.2006_

At _Oakland_
     City

COMPLAINANT'S SIGNATURE

RECEIVED
AUG 29 2006

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:
**August 29, 2006**

ATT.KING 000011

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE:/ETHNICITY (Check one)
X African-American
___ African - Other
___ Asian/Pacific Islander (specify)_____
___ Caucasian (Non-Hispanic)
___ Native American
___ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
English

YOUR AGE: 57

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
_____
_____

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
___ AIDS
X Blood/Circulation - Iron deficiency critically low
___ Brain/Nerves/Muscles
___ Digestive/Urinary/Reproduction
___ Hearing
___ Heart
___ Limbs (Arms/Legs)
___ Mental
___ Sight
___ Speech/Respiratory
___ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
___ Cohabitation
___ Divorced
___ Married
___ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
_____

IF FILING BECAUSE OF SEX, THE REASON:
___ Harassment
X Orientation
___ Pregnancy
___ Denied Right to Wear Pants
___ Other Allegations (List)
_____

DFEH-300-03-1 (01/05)

YOUR GENDER: X Female ___ Male

YOUR OCCUPATION:
___ Clerical
___ Craft
___ Equipment Operator
___ Laborer
___ Manager
___ Paraprofessional
X Professional
___ Sales
___ Service
___ Supervisor
___ Technician

HOW YOU HEARD ABOUT DFEH:
___ Attorney
___ Bus/BART Advertisement
___ Community Organization
___ EEOC
___ EDD
___ Friend
___ Human Relations Commission
___ Labor Standards Enforcement
___ Local Government Agency
___ Poster
___ Prior Contact with DFEH
___ Radio
___ Telephone Book
___ TV
X DFEH Web Site

ATT.KING 000012

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X Yes    ___ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

M. Van Smith           510 - 763-8330
1696 Mendenhall Drive
San Jose, CA 95130     408 - 364-1067

8.29.7006

<u>Relevant information for Della King's pre-complaint questionnaire for the Department of Fair Employment to support my claim of discrimination relating to my sexual preference and long term disability and incidents of retaliation for my complaints.</u>

This is a brief description of problems that lead up to this complaint: I raised concerns to my supervisor/Kimberly Gibson about the way she was treating me compared to my peers regarding work issues as well as demanding that I not take time off for an infected tooth that needed treatment. Before I could file an internal complaint I got sick and was on disability from 10.14.05 through 05.19.05 when I returned to work part-time.

In June '05 my supervisor was Diana St. James who mentioned to me that to get a copy of my annual review and read it. I immediately contacted HR because of the contents and was trying to work through them to get this corrected. This issue was brought to Steve Grimm's (the Assoc. Vice President of our organization) attention by Kimberly Gibson because of my efforts to have this changed. In spite of all the conversations this issue was not resolved fairly according to corporate policy and HR guidelines.

On my June paycheck I noticed the amount was significantly higher than usual and contacted Pat Skinner/Human Resources immediately. She told me that after talking to payroll this check was correct. My July 5, paycheck was a total of $600 and I started contacting HR, Payroll and SMAART Disability (a 3rd party that is hired by SBC to handle all company disabilities). I was bounced back and forth between the different organizations with no positive results. My next check on July 20, showed a negative balance due and my pay was zero dollars. Again I contacted all of the same people in addition to asking Steve Grimm for his assistance in getting my money straight. He appointed his executive assistant/Demetria Williams to assist me in resolving the issues with my paychecks and provide feedback to him. I expressed concerns of unfair treatment to her and we had a long discussion on several occasions about not getting paid being unlawful in California.

On July 22, 2005 I had surgery and was on disability until 9.06.05 when I returned to work part-time (through 9/19/2005). All efforts to correct the company and SMAART's mistakes continued until early August. On August 5, 2005 my paycheck was large because the company admitted they made a mistake and with held too much money. I complained to my co-workers, Demetria, Diana St. James and HR that this was against the law in California. On 9.16 Steve Grimm had a meeting with his team and told us that Long Distance would be hiring as many as 30 people in Product Development. It was after this meeting that he inquired about the status of my pay. I told Steve that this incident was against the law and I was still working on resolving the problem.

I took 9.19 & 9.20.05 off as vacation and returned to the office on 9.21.05. Stephen Ellis sent me an email and asked me to call him. When I did I was asked to go to his office. He gave me a 30-Day Surplus Notification Letter that is given to employees when there is a surplus condition and the number of employees is reduced. I had 30 days to find another position internally or leave the company.

1

ATT.KING 000013

A reduction in employees directly contradicted what Steve Grimm told all of us the previous Friday. The following week my peers Gary Hoard, Lois Oda and Linda Malman expressed their dissatisfaction regarding the letter and made me aware of the department hiring another person (same job, same title and same department – Jean T. Delbos). I had already made several attempts to get answers from Stephen Ellis as to why I was given that letter and he avoided answering any questions concerning the letter and referred me to HR/Pat Skinner. Pat is the HR Consultant for higher-level managers and she too would only speak to me on the phone and would not address the "why" question. I finally realized that no one was going to help me get to the bottom of this and filed a complaint. On October 6, 2005 I filed and internal discrimination complaint via the EEO Hotline. I spoke to Marian at 888-926-6759 and was given reference number 510-060827. Marian told me that my complaint would be referred to SBC HR and they would contact me to follow-up.

I got a call from Elisa Trejo/HR on 10.11.05 and she told me that she would look into my complaint but that she would not be able to provide me with the result. Elisa asked me two questions: whether or not this was racial discrimination and I told her I didn't think so; she asked me what I wanted as a result of this complaint. My reply was that I know that I was not wanted in Long Distance and that the letter should be discarded and I should be given a fair opportunity to find another job internally. I never heard from Elisa again on this complaint. I was able to get an interview for a job prospect. I interviewed with Carolyn Golinveaux a Technical Director in Information Technology. She was very pleased with my knowledge, skills and abilities and told me that I would be hearing from HR the following day. It is company policy for a hiring manager to have HR make the job offer. After the interview on 10.19.05 I returned to work and Stephen Ellis pressed me for answers on where I had been and whom I interviewed with for the job. After I provided him with the information he requested I regretted it. He told me that he intended to contact her and asked him not to call her because she did say she would call him the next day. Unbeknownst to me he called her and told me the next day that his response reflected the fact that I could not do the work in my current assignment but that he thought her position might be a better fit for me. He was very cold and factual about his conversation and I told him how displeased I was with his unfounded remarks. He was my supervisor from 9.06.05 until I left the company so he had no knowledge of my abilities. I immediately called Elisa Trejo and let her a voice message about this occurrence and the fact that he went out of his way to ensure that I would be leaving the company on 10.21.05. After checking my email I got a short email from Carolyn indicating that she would not pursue hiring me and wished me luck.

On 10.21.05 my 30-days were up and I was forced to leave the company. I filed a complaint with the Department of Labor Standards in Employment in July '05. I made two attempts to get status and was told the last time to resend my original complaint with the additional information I wanted to include in my complaint. After resending the information in May I got a response that said I did not respond to their request for more information and not the statute for them to pursue my complaint had expired and they returned my last form to me.

**ATT.KING 000014**

2

I did not get my paycheck on my last day and they gave me no explanation. On Saturday (10.22.05) Pat Skinner/HR called me to say that they would send me my checks the following week because a clerk forgot to request my checks from payroll. I expressed my disappointment and told her I wanted my checks (final pay check and unused vacation pay) immediately. My checks were sent via courier on 10.26.05 and included extra pay for Saturday, Sunday and Monday per the conversation I had with Pat Skinner.

I think SBC will deny any wrong doing on their part and support the actions of Steve Grimm, Kimberly Gibson and Stephen Ellis. I am not optimistic about their honesty regarding my numerous complaints because of my past efforts to resolve the issues mentioned and their blatant disregard for company policy, HR regulations and the laws within this state. They have abused their positions of authority to get what they wanted.

As a remedy I am asking for the "Right to Sue" and pursue this through the court.

3

ATT.KING 000015

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA  94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov

ARNOLD SCHWARZENEGGER, Governor



August 30, 2006


M. Van Smith
Attorney At Law

1696 Mendenhall Drive
San Jose, CA 95130

RE:    E200607M0210-00-apc
       <u>KING/A T & T LONG DISTANCE</u>

Dear M. Van Smith:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 29, 2006 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

**ATT.KING 000016**

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File

Stephen Ellis
Executive Director
A T & T LONG DISTANCE
5850 W. Las Positas Blvd
Pleasanton, CA  94588

ATT.KING 000017

DFEH-200-43 (06/06)

*5232993*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
M. VAN SMITH (SBN 32007)
1696 Mendenhall Dr.
San Jose, Cal. 95130
TELEPHONE NO.: 408-364-1062   FAX NO.:
ATTORNEY FOR (Name): Plaintiff DELLA KING

FOR COURT USE ONLY

F I L E D
ALAMEDA COUNTY

OCT 0 3 2006

CLERK OF THE SUPERIOR COURT
By _Esther C._
                                    Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, Cal. 94612
BRANCH NAME:

CASE NAME:
KING v. SBC OPERATIONS, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | | RG 06 291737 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is  [X] is not  a class action suit.

Date: September 26, 2006.

ATT.KING 000018

M. VAN SMITH
(TYPE OR PRINT NAME)

▶ _M. Van Smith_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use     CIVIL CASE COVER SHEET     Cal. Rules of Court, rule 201.8, 1800-1812

# EXHIBIT B

1    M. VAN SMITH
2    State Bar No. 32007
     1696 Mendenhall Drive
3    San Jose, California 95130
     Telephone (408) 364-1062
4

5    Attorney for Plaintiff
     DELLA KING
6

F I L E D
ALAMEDA COUNTY

OCT 1 3 2006

CLERK OF THE SUPERIOR COURT
By_____
                        Deputy

7            THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF ALAMEDA

9                        UNLIMITED JURISDICTION

10   _____

11   DELLA KING,                          Case No. RG06291737

12                    Plaintiff,          FIRST AMENDED COMPLAINT
               vs.                        1.  Retaliation
13                                        2.  Disability Discrimination
     SBC OPERATIONS, INC., a foreign      3.  Age Discrimination
14   corporation, AT&T LONG DISTANCE,
     a corporation, et al.,               JURY TRIAL DEMANDED
15                    Defendants.
     _____/
16

17          Plaintiff alleges:

18                        FIRST CAUSE OF ACTION
                RETALIATION IN VIOLATION OF PUBLIC POLICY
19

20          1.  Defendant SBC Operations Inc., is a foreign corporation.  SBC Operations,

     Inc. became known as or a part of AT&T Long Distance ("AT&T").
21

22          2.  Defendants   Does One through Five are sued under fictitious names

23   pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes,

24   and on that basis alleges, that each defendant sued under such fictitious names is in

25   some manner responsible for wrongs and damages as alleged below, conspired to

26   commit the wrong alleged herein, and acted as the agent and employee of AT&T.

27          3.  Plaintiff was employed by AT&T.  On Mary 19, 2005, she  returned to work

28   part time (20 hours per week) from a disability.

                                    1

FIRST AMENDED COMPLAINT FOR DAMAGES

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16, 2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset.

5. Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005. The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of AT&T's payroll and AT&T Medical Absence and Accommodation Resource Team ("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7. Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005. AT&T made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disabilty and then she returned to work part time. AT&T and SMAART discovered that too much had been offset from the pay of plaintiff.

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how AT&T had acted illegally in making offsets from her wages.

10. On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with AT&T was being eliminated.

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that  reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v. Neiman*

2

1 | *Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v.*
2 | *DIR* (1962) 57 Cal.2d 319, 369.

3     14.  AT&T retaliated against plaintiff by causing her to be terminated from her
4 | employment.

5     15.  As a direct result of the retaliation, plaintiff sustained special damages in an
6 | amount according to proof in the loss of back pay, front pay, and benefits that plaintiff
7 | would have had if she not been forced to terminate her employment with AT&T.

8     16.  The conduct of AT&T was fraudulent, oppressive, or malicious.  Plaintiff
9 | should be entitled to punitive damages.

10       WHEREFORE, plaintiff prays for special and general damages according
11 | to proof, exemplary damages according to law, prejudgment interest according to law,
12 | costs of suit, attorney's fees, and for such other relief as the court deems proper.

### SECOND CAUSE OF ACTION
### DISCRIMINATION BECAUSE DISABILITY

17.    Plaintiff incorporates the allegations of paragraphs one through 16.

18.    AT&T perceived that plaintiff suffered from a disability.

19.    The policy of AT&T was to discriminate persons who had disabilities or persons
who AT&T perceived as having disabilities.

20.  The motivation of the adverse action against plaintiff was in part because AT&T
perceived plaintiff as being disabled.  Plaintiff was not disabled and would have been able
to do the work assigned to her.

21.    Plaintiff exhausted her administrative remedies.  Plaintiff filed a complaint with
the Department of Fair Employment & Housing.  On August 30, 2006, plaintiff received
a right-to-sue letter from the Department of Fair Employment & Housing.

      WHEREFORE, plaintiff prays for judgment as prayed above.

//

**3**

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1
                        THIRD CAUSE OF ACTION

2
                   DISCRIMINATION BECAUSE OF AGE

3
    22.    Plaintiff incorporattheallegations of paragraphs one through 21.

4
    23.    Plaintiff was over the age of 40 years.

5
WHEREFORE, Plaintiff prays for judgment as prayed above.

6
                    REQUEST FOR JURY TRIAL

7
Plaintiff requests a trail by jury.

8
Dated: October 9, 2006.

9

10
                        M. VAN SMITH
                        Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

FIRST AMENDED COMPLAINT FOR DAMAGES

*(CITACION JUDICIAL)*

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** SBC OPERATIONS, INC., a foreign corporation,
*(AVISO AL DEMANDADO):*

DOES ONE through FIVE

**YOU ARE BEING SUED BY PLAINTIFF:** DELLA KING
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 0 2 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: SUPERIOR COURT, COUNTY OF ALAMEDA<br>*(El nombre y dirección de la corte es):* 1225 Fallon Street, Oakland, Cal. 94612 | CASE NUMBER:<br>*(Número del Caso):* RG06 291737 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
  M. VAN SMITH, 1696 Mendenhall Dr., San Jose, Cal. 95130; 408-364-1062.

| | | | |
|---|---|---|---|
| DATE: OCT 0 2 2006<br>*(Fecha)* | PAT S. SWEETEN | Esther Coleman<br>Clerk, by _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

MAR 1 3 2007

3. [X] on behalf of *(specify):* SBC OPERATIONS, INC.

  under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

PLAINTIFF/PETITIONER: DELL KING

DEFENDANT/RESPONDENT: SBC OPERATIONS, INC.

CASE NUMBER: RG06291737

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: March 10, 2007        (2) from *(city)*: San Jose

   (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section)*:

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [✓] On behalf of *(specify)*: SBC OPERATIONS, INC. (aka known as AT&T Operations, Inc.)
      under the following Code of Civil Procedure section:

   [✓] 416.10 (corporation)          [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation)  [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
   [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity)        [ ] 415.46 (occupant)
                                     [ ] other:

7. **Person who served papers**
   a. Name: M. VAN SMITH
   b. Address: 1696 Mendenhall Dr., San Jose, Cal 95130
   c. Telephone number: 408-364-1062
   d. The fee for service was: $
   e. I am:
      (1) [✓] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
          (i) [ ] owner [ ] employee [ ] independent contractor
          (ii) Registration No.:
          (iii) County:

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 10, 2007

M. VAN SMITH
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *[signature]*
_____
(SIGNATURE )

EXHIBIT C

1  `M. VAN SMITH
   State Bar No. 32007
2  1696 Mendenhall Drive
3  San Jose, California 95130
   Telephone (408) 364-1062
4
5  Attorney for Plaintiff
   DELLA KING
6

F I L E D
ALAMEDA COUNTY

APR 1 8 2007

CLERK OF THE SUPERIOR COURT
By_____ Deputy

7              THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      FOR THE COUNTY OF ALAMEDA

9                         UNLIMITED JURISDICTION

10  _____

11  DELLA KING,                          Case No. RG06291737

12                    Plaintiff,    -    SECOND AMENDED COMPLAINT
                  vs.                    1. Retaliation
13                                       2. Disability Discrimination
    AT&T OPERATIONS, INC., corporation,  3. Age Discrimination
14  et al.,
                    Defendants.
15  _____/    JURY TRIAL DEMANDED

16
17       Plaintiff alleges:
18                       FIRST CAUSE OF ACTION
                RETALIATION IN VIOLATION OF PUBLIC POLICY

19       1.  Plaintiff was employed by SBC Operations Inc.  SBC Operations Inc.is now

20  known as or operated as AT&T Operations Inc., a corporation organized in the State of

21  Delaware.  AT&T Operations Inc. will be referred to herein as AT&T.

22       2.  Defendants   Does One through Five are sued under fictitious names

23  pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes,

24  and on that basis alleges, that each defendant sued under such fictitious names is in

25  some manner responsible for wrongs and damages as alleged below, conspired to

26  commit the wrong alleged herein, and acted as the agent and employee of AT&T.

27       3.  Plaintiff was employed by AT&T.  On Mary 19, 2005, she  returned to work

28  part time (20 hours per week) from a disability.

                                    1

SECOND AMENDED COMPLAINT FOR DAMAGES

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16, 2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset.

5. Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005. The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of AT&T's payroll and AT&T Medical Absence and Accommodation Resource Team ("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7. Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005. AT&T made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disabilty and then she returned to work part time. AT&T and SMAART discovered that too much had been offset from the pay of plaintiff.

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how AT&T had acted illegally in making offsets from her wages.

10. On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with AT&T was being eliminated.

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v. Neiman*

2

1 | *Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v.*
2 | *DIR* (1962) 57 Cal.2d 319, 369.

3 |     14.  AT&T retaliated against plaintiff by causing her to be terminated from her
4 | employment.

5 |     15.  As a direct result of the retaliation, plaintiff sustained special damages in an
6 | amount according to proof in the loss of back pay, front pay, and benefits that plaintiff
7 | would have had if she not been forced to terminate her employment with AT&T.

8 |     16.  The conduct of AT&T was fraudulent, oppressive, or malicious.  Plaintiff
9 | should be entitled to punitive damages.

10 |       WHEREFORE, plaintiff prays for special and general damages according
11 | to proof, exemplary damages according to law, prejudgment interest according to law,
12 | costs of suit, attorney's fees, and for such other relief as the court deems proper.

13 |
### SECOND CAUSE OF ACTION
### DISCRIMINATION BECAUSE DISABILITY

14 |

15 |     17.  Plaintiff incorporates the allegations of paragraphs one through 16.

16 |     18.  AT&T perceived that plaintiff suffered from a disability.

17 |     19.  The policy of AT&T was to discriminate persons who had disabilities or persons
18 | who AT&T perceived as having disabilities.

19 |     20.  The motivation of the adverse action against plaintiff was in part because AT&T
20 | perceived plaintiff as being disabled.  Plaintiff was not disabled and would have been able
21 | to do the work assigned to her.

22 |     21.  Plaintiff exhausted her administrative remedies.  Plaintiff filed a complaint with
23 | the Department of Fair Employment & Housing.  On August 30, 2006,  plaintiff received
24 | a right-to-sue letter from the Department of Fair Employment & Housing.

25 |     WHEREFORE, plaintiff prays for judgment as prayed above.

26 | //

27 |
### THIRD CAUSE OF ACTION

28 |
### DISCRIMINATION BECAUSE OF AGE

3

---

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1    22.    Plaintiff incorporate the allegations of paragraphs one through 21.

2    23.    Plaintiff was over the age of 40 years.

3    WHEREFORE, Plaintiff prays for judgment as prayed above.

4                          REQUEST FOR JURY TRIAL

5    Plaintiff requests a trail by jury.

6    Dated: April 12, 2007.

7

8                                                M. VAN SMITH
                                                 Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT D

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name,* | *Bar number, and address):* | FOR COURT USE ONLY |
|---|---|---|
| M. VAN SMITH (SBN 32007) 1696 Mendenhall Dr. San Jose, Cal. 95130 | | |

TELEPHONE NO.: 408-364-1062          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Della King

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, Cal. 94612
BRANCH NAME:

PLAINTIFF/PETITIONER: DELLA KING

DEFENDANT/RESPONDENT: AT&T OPERATIONS INC.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: RG06291737 |
|---|---|

TO *(insert name of party being served):* AT&T OPERATIONS INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 6, 2007

M. VAN SMITH
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [ ]  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: April 27, 2007

LAFAYETTE & KUMAGAI LLP
Susan T. Kumagai
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.JuriSearch.com

**PROOF OF SERVICE**

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On April 27, 2007, I served the document named below on the parties in this action as follows:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT – CIVIL**
**(OF SUMMONS AND COMPLAINT)**

__X__   (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____   (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

_____   (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____.   (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

M. Van Smith, Esq.
1696 Mendenhall Drive
San Jose, California 95130
**Facsimile:  (408) 273-6496**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   __April 27, 2007_____ , at San Francisco, California.

_Nicole S. Block_
Nicole S. Block

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

# EXHIBIT E

1 | LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
2 | SUSAN T. KUMAGAI (State Bar No. 127667)
100 Spear Street, Suite 600
3 | San Francisco, California 94105
Telephone:   (415) 357-4600
4 | Facsimile:   (415) 357-4605

5 | Attorneys for Defendant
AT&T OPERATIONS, INC.

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10

| | |
|---|---|
| 11 DELLA KING, | Case No. RG 06291737 |
| 12 Plaintiff, | **DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S** |
| 13 vs. | **UNVERIFIED SECOND AMENDED COMPLAINT** |
| 14 AT&T OPERATIONS, INC., corporation, et al., | |
| 15 | Seconded Amended Complaint filed: April 18, 2007 |
| 16 Defendants. | |

17 | Defendant AT&T OPERATIONS, INC. ("Defendant"), answers Plaintiff Della King's

18 | ("Plaintiff") unverified Second Amended Complaint ("Complaint") as follows:

19 | 1.    Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally

20 | denies each and every, all and singular, allegation in Plaintiff's Second Amended Complaint (the

21 | "Complaint"), and generally denies Plaintiff has been injured in the sums alleged in the

22 | Complaint, or any sum at all, as the result of any action, omission to act or delay in acting by

23 | Defendant.

24 | <u>FIRST AFFIRMATIVE DEFENSE</u>

25 | 2.    As a first, separate and affirmative defense, Defendant asserts that Plaintiff fails to

26 | allege facts sufficient to constitute a cause of action against Defendant.

27 | ///

28 | ///

1

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

SECOND AFFIRMATIVE DEFENSE

3.    As a second, separate and affirmative defense, Defendant asserts that Plaintiff failed to properly exhaust applicable administrative remedies.

THIRD AFFIRMATIVE DEFENSE

4.    As a third, separate and affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

FOURTH AFFIRMATIVE DEFENSE

5.    As a fourth, separate and affirmative defense, Defendant asserts that it had no knowledge of any alleged discrimination and/or retaliation.

FIFTH AFFIRMATIVE DEFENSE

6.    As a fifth, separate and affirmative defense, Defendant asserts that any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by Defendant.

SIXTH AFFIRMATIVE DEFENSE

7.    As a sixth, separate and affirmative defense, Defendant asserts that the Complaint and each cause of action alleged therein are barred under applicable statutes of limitation including, but not limited to, those set forth in California Code of Civil Procedures §§340, 335.1, 338 and California Government Code §§12940, *et seq.*

SEVENTH AFFIRMATIVE DEFENSE

8.    As a seventh, separate and affirmative defense, Defendant asserts that to the extent Plaintiff seeks relief for mental and/or emotional distress her claims are preempted by the exclusivity provisions of California Workers' Compensation Act, Labor Code §§3200, *et seq.*

EIGHTH AFFIRMATIVE DEFENSE

9.    As an eighth, separate and affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff were caused by persons, firms, corporations, entities or organizations other than Defendant, and by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

## NINTH AFFIRMATIVE DEFENSE

10.    As a ninth, separate and affirmative defense, Defendant asserts that Plaintiff failed to mitigate her damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

## TENTH AFFIRMATIVE DEFENSE

11.    As a tenth, separate and affirmative defense, Defendant asserts that Plaintiff is guilty of laches and unreasonably delay in bringing this action and in asserting any cause of action against Defendant, and such unreasonable delay is without good cause and is substantially prejudicial to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    As an eleventh, separate and affirmative defense, Defendant asserts that it exercised reasonable care to prevent and promptly correct the alleged conduct and Plaintiff failed to take advantage of any preventative or corrective measures provided by Defendant to avoid the alleged harm.

## TWELFTH AFFIRMATIVE DEFENSE

13.    As a twelfth, separate and affirmative defense, Defendant asserts that an award of punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.    As a thirteenth, separate and affirmative defense, Defendant asserts that the Complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the Complaint and each cause of action alleged therein fail to state sufficient and specific facts to support the underlying allegations of malice, fraud and oppression.

## FOURTEENTH AFFIRMATIVE DEFENSE

15.    As a fourteenth, separate and affirmative defense, Defendant asserts that Plaintiff failed to use ordinary care and diligence in the performance of her duties, thus her claims are barred by Labor Code §2854.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## FIFTEENTH AFFIRMATIVE DEFENSE

16.    As a fifteenth, separate and affirmative defense, Defendant asserts that the complained-of actions were taken with just cause and were not in violation of any federal or state statute.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.    As a sixteenth, separate and affirmative defense, Defendant asserts that the alleged adverse employment action of which Plaintiff complains was based on one or more legitimate, non-discriminatory reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.    As a seventeenth, separate and affirmative defense, Defendant asserts that it did not ratify and/or approve any wrongful conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

19.    As an eighteenth, separate and affirmative defense, Defendant asserts that it would have acted in the manner alleged regardless of Plaintiff's alleged disability, age and/or purported protected act.

## NINETEENTH AFFIRMATIVE DEFENSE

20.    As a nineteenth, separate and affirmative defense, Defendant asserts that Plaintiff consented to and acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in her Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

21.    As a twentieth, separate and affirmative defense, Defendant asserts that it had no knowledge of any protected activity in which Plaintiff allegedly engaged.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22.    As a twenty-first, separate and affirmative defense, Defendant asserts that to the extent Plaintiff engaged in a protected act, she did so in bad faith.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23.    As a twenty-second, separate and affirmative defense, Defendant asserts that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29

4

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
SECOND AMENDED COMPLAINT

1  U.S.C. §§1001 et seq.

2              TWENTY-THIRD AFFIRMATIVE DEFENSE

3       24.    As a twenty-third, separate and affirmative defense, Defendant asserts that it is

4  named as the wrong party defendant.

5              TWENTY-FOURTH AFFIRMATIVE DEFENSE

6       25.    As a twenty-fourth, separate and affirmative defense, Defendant asserts that

7  Plaintiff is not a qualified disabled individual as a matter of law.

8              TWENTY-FIFTH AFFIRMATIVE DEFENSE

9       26.    As a twenty-fifth, separate and affirmative defense, Defendant asserts that it is

10  entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and her counsel, and

11  that Plaintiff's complaint, and each purported cause of action or count thereunder, is frivolous and

12  was brought and maintained in bad faith and without reasonable cause, is totally and completely

13  without merit, and was brought for the sole purpose of harassing Defendant.

14       WHEREFORE, Defendant prays:

15       1.    That Plaintiff take nothing by the Complaint;

16       2.    That the Complaint be dismissed with prejudice;

17       3.    That Defendant recover its costs of suit herein, including reasonable attorneys'

18  fees; and

19       4.    This Court grant such other further relief as it may deem appropriate.

20  DATED:  May 16, 2007              LAFAYETTE & KUMAGAI LLP

21

22

23                                   SUSAN T. KUMAGAI
                                     Attorneys for Defendant
24                                   AT&T OPERATIONS, INC.

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

                                                                        5

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

1

2     I declare:

3     I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street,

4     Suite 600, San Francisco, California, 94105.

5     On May 16, 2007, I served the document named below on the parties in this action as follows:

6     **DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S**

7     **UNVERIFIED SECOND AMENDED COMPLAINT**

8     __X__   (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the

9     practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal

10    Service the same day as it is placed for collection.

11    _____   (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

12    _____   (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

13    _____   (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each

14           such envelope to the addressee noted below.

15    M. Van Smith, Esq.
      1696 Mendenhall Drive
16    San Jose, California 95130

17    I declare under penalty of perjury under the laws of the State of California that the

18    foregoing is true and correct.

19    Executed on __May 16, 2007_____ , at San Francisco, California.

20

21    _____
                    Nicole S. Block
22

23

24

25

26

27

28

                                                                                                                6

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
SECOND AMENDED COMPLAINT

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605