M. VAN SMITH(SBN 32007)
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062
Attorney for Plaintiff,
DELLA KING

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| DELLA KING, | Case No. C 07-02600 JCS |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| vs. | MOTION FOR LEAVE TO AMEND |
| AT&T OPERATIONS, INC., corporation, et al., | Date: April 11, 2008<br>Time: 9:30 a.m. |
| Defendants. | Courtroom A, 15th Floor<br>Hon. Joseph C. Spero |

_____

The Rules require that "leave shall be freely given when justice so requires." FRCP 15(a). Federal policy strongly favors determination of cases on the merits. The role of pleadings is limited and leave to amend the pleadings is freely given unless the opposing party makes a showing of prejudice. *Forman v. Davis* (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230; *Film Tec Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F.3d 931, 935-936. The policy favoring leave to amend is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose* (9th Cir. 1990) 893 F.2s 1074, 1079.

The proposed amendment is not barred by the statute of limitation. An amended complaint relates back to the original complaint if it arises out of the conduct, transaction or occurrence pleaded in the original complaint. *Martell v. Thilogoy Ltd.* (9th Cir. 1989) 872 F.2d 322, 325 - 326. The relation back doctrine is liberally applied. "Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence

1

**MEMORANDUM IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**

in reference to it. When suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement." *Id.* at p. 326. The basic inquiry is whether the opposing party was on notice of the nature of the claim raised by the amended pleading. *SEC v. Seaboard Corp.* (9th Cir. 1982) 877 F.2d 1301, 1314.

The reference in the Second Amended Complaint to the administrative remedy provided the bases on which Plaintiff claims discrimination–including the sexual orientation and race of Plaintiff. See Exh. B to Decl. The reference to the administrative complaint put the Defendant on notice of the underlying transaction or occurrence.

In analogous cases the courts have amendments to relate back. In *Bernstein v. National Liberty International Corp.* (E.D. Pa. 1976) 407 F.Supp. 709, 713 - 714, the plaintiff sought to amend to add additional bases of discrimination. The court stated, "There can be no question that the additions contained in plaintiff's proposed amended complaint, involving sex discrimination and new factual allegation arose out of the same factual circumstances as the original complaint. The underlying basis for the action, employment discrimination, is still the same. Plaintiff merely wishes to amplify and state with greater particularity the result of the alleged discrimination. * * * [A] court must examine the underlying factual allegations, not the legal conclusion a plaintiff may attach to those facts. We are satisfied that the facts averred in the proposed amended complaint arise out of the same transaction as the original complaint. Therefore, this Court hold that the proposed amended complaint relates back to the original complaint and satisfies the 90-day time limit." *Id.* 714.

In *Baruah v. Young* (D Md. 1982) 536 F. Supp. 356, defendant objected to an amendment on the ground that the administrative complaint identified national origin, not race as the animus for discrimination. The court stated, "[I]t is apparent that the same series of evens undergird the plaintiff's claim of national origin as well as race discrimination. Further, assuming the truth of the allegations in the amended complaint, it appears that these historical events were considered by the EEOC during its investigation. Because the

2

plaintiff's characteristics, non-white and a native of India, may entitle him to recover upon proof of discrimination on either basis the defendants motion to dismiss the Title VII race discrimination claim will be denied." *Id.* 362.

In *Dent v. United States Postal Service* ( S.D. Ohio 1982) 538 F. Supp. 1079, a postal worker alleged in the original complaint that he had been wrongfully denied reinstatement under an agreement with the U.S. Postal Service. The plaintiff filed an amended complaint alleging that he was entitled to relief under federal statutes as a handicapped person. The court stated, "We conclude that the claims asserted in plaintiff's amended complaint arose out of the transactions and occurrence that plaintiff attempted to set forth in his original complaint, and that, therefore the amendment relates back to the date of the original pleading." *Id.* 1081.   See also, *Anderson v. Montgomery Ward* (7th Cir. 1988) 852 F. 2d 11008, 1018.

In the present case, the complaint was filed in State court. The practice there is to set forth Causes of Action rather than a statement of facts. However, the reference to the filing with the Department of Fair Employment and Housing defined the scope of the underlying transaction. The Second Amended Complaint alleged: "Plaintiff exhausted her administrative remedies. Plaintiff filed a complaint with the Department of Fair Employment & Housing. On August 30, 3006, plaintiff received a right-to-sue letter from the Department of Fair Employment & Housing."

The administrative complaint had to identify all of grounds of discrimination. *Hobson v. Raychem Corp.* (1999) 73 Cal.App.4th 614, 631, disapproved on other grounds in *Colmenares v. Braemar Country Club* (2003) 29 Cal.4th 1019, 1031.   The reference to the administrative complaint provided Defendant with a reference to scope of the underlying transaction.

## CONCLUSION

Plaintiff respectfully submits that it is in the interest of justice that Plaintiff be granted leave to file the Third Amended Complaint.

Dated: March 3, 2008.

3

**MEMORANDUM IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**

                                             <u>/s/ M. Van Smith</u>
                                             M. VAN SMITH
                                           Attorney for Plaintiff

4

**MEMORANDUM IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**