LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 047707)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605
glafayette@lkclaw.com
skumagai@lkclaw.com
dhayashi@lkclaw.com

Attorneys for Defendant
AT&T OPERATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>        Plaintiff,<br><br>vs.<br><br>AT&T OPERATIONS, a corporation, et al.,,<br><br>        Defendants. | Case No. C 07-02600 JCS<br><br>**DEFENDANT AT&T OPERATIONS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date:   April 25, 2008<br>Time:   9:30 a.m.<br>Dept.:  Courtroom A, 15th Floor<br>Judge:  Hon. Joseph C. Spero |

## I.    INTRODUCTION

On October 2, 2006, plaintiff Della King ("plaintiff") filed a complaint against her former employer AT&T Operations, Inc. ("defendant"), alleging three causes of action including retaliation, disability discrimination and age discrimination under the Fair Employment and Housing Act ("FEHA").[1]  Although plaintiff's charge for discrimination filed with the Department of Fair Employment and Housing ("DFEH") also included claims for discrimination based on sexual orientation and race, plaintiff never plead these claims in her original complaint

---

[1] On April 18, 2007, plaintiff filed a second amended complaint in order to correct the name of the defendant from SBC Operations, Inc. to AT&T Operations, Inc.

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE        1
TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

1  or the two subsequent amended complaints filed by her.

2  Now, almost one and a half years later, and after significant discovery has been conducted, plaintiff seeks leave of Court to file a Third Amended Complaint to add causes of action for discrimination based on sexual orientation and race. Her claims for race and sex discrimination were known to plaintiff at the time she filed her original complaint on October 2, 2006 and First and Second Amended Complaints on October 15, 2006 and April 18, 2007, respectively. Plaintiff fails to make the requisite showing of just cause for amendment to the Court's pretrial scheduling order to allow her to file a Third Amended Complaint. Further, a Third Amended Complaint will result in the need to conduct further discovery, causing delay and prejudice to defendant.

Therefore, plaintiff's motion for leave to amend should be denied.

## II.  STATEMENT OF FACTS

Plaintiff was working as an associate director for the LD Product Development Department of AT&T Operations, Inc. when she was laid off due to a reduction in force on October 21, 2005.

On August 29, 2006, plaintiff filed a charge of discrimination with the DFEH alleging disparate treatment based on age, disability, race and sexual orientation under on FEHA and retaliation based on alleged complaints about deductions from her paychecks.

Plaintiff received a right to sue letter from the DFEH on August 30, 2006.

Plaintiff filed a civil complaint against SBC Operations, Inc. on October 2, 2006, in the Superior Court of Alameda County ("original complaint"). She alleged discrimination based only on disability and age discrimination under the FEHA and retaliation based on alleged complaints regarding paycheck reductions. (Declaration of Susan Kumagai ("Kumagai Decl."), Exhibit "1.")

On October 13, 2006, plaintiff filed a First Amended Complaint substituting AT&T Operations, Inc., the correct name of her former employer, as the defendant. (Kumagai Decl., Exhibit "2.") On April 18, 2007, plaintiff filed a Second Amended Complaint. (Kumagai Decl., Exhibit "3.") On May 16, 2007, defendant filed an answer to the Second Amended Complaint

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

2

and removed the action to federal court based on diversity jurisdiction. (Kumagai Decl., Exhibits "4" and "5.")

On August 17, 2007, the parties filed a Joint Case Management Conference Statement. Among other things, the parties stated they did not anticipate filing any further amended pleadings. (Kumagai Decl., Exhibit "6.")

A case management conference was held on August 24, 2007 and a Case Management Pretrial Order ("Pretrial Order") was issued referring the case for Early Neutral Evaluation ("ENE") through the Court's ADR program to be completed within 90 days. (Kumagai Decl., Exhibit "7.")

On October 9, 2007, defendant served plaintiff with Interrogatories and Request for Production of Documents. (Kumagai Decl., at ¶9.) On November 15, 2007, plaintiff served responses to both sets of discovery requests. (Kumagai Decl., at ¶10.)

On November 14, 2007, the parties filed a joint stipulation to extend the times to complete the ENE and for the case management conference. (Kumagai Decl., Exhibit "8.") On November 15, 2007, the Court issued an order granting the parties' request and continued the deadlines for 90 days. (Kumagai Decl., Exhibit "9.")

On November 16, 2007, plaintiff served defendant with Interrogatories and Request for Production of Documents. (Kumagai Decl., at ¶15.) Defendant served responses to plaintiff's discovery requests on December 20, 2007 and served supplemental responses to the Interrogatories on January 2, 2008.

On January 11, 2008, plaintiff's counsel again asked the Court for an extension of time to complete the ENE for medical reasons. He requested a continuance for six weeks due to heart surgery. (Kumagai Decl., Exhibit "10.") On January 20, 2008, plaintiff's request was granted and the ENE deadline was continued to April 18, 2008. (Kumagai Decl., Exhibit "11.")

On January 15, 2008, defendant took plaintiff's deposition based on the Second Amended Complaint consisting of disability discrimination and age discrimination under FEHA and retaliation for alleged complaints regarding deductions to her paycheck. (Declaration of Dennis Hayashi ("Hayashi Decl."), at ¶1.) On January 19, 2008, the parties met and conferred face-to-

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

3

face on several discovery disputes based on the discovery relating to plaintiff's Second Amended Complaint. This meeting was conducted on a Saturday to accommodate plaintiff's counsel's medical scheduled heart surgery. The meeting lasted one and one half hours. (Hayashi Decl., at ¶2.) Thereafter, several telephonic discussions took place in an attempt to informally resolve the discovery disputes and a joint discovery letter reflecting the purported unresolved disputes was filed with the Court on April 2, 2008. (Hayashi Decl., at ¶4; Kumagai Decl., Exhibit "12.")

Plaintiff filed her motion for leave to file a third amended complaint on March 3, 2008.

### III.   LEGAL ARGUMENT

#### A.   No Just Cause Is Shown By Plaintiff For Allowing Another Amendment To Court Ordered Deadlines

Whether to grant or deny a motion to amend a pleading is a matter of the Court's discretion. Sweaney v. Ada County, 119 F.3d 1385, 1392 (9th Cir. 1997). While Rule 15(a) should be interpreted with liberality, leave to amend is not to be granted automatically. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Once scheduling orders have been established in a case, there are more restrictive provisions regarding amendments that require a showing of good cause for failing to amend prior to the deadlines previously set that apply. Coleman v. Quaker Oats, 232 F.3d 1271, 1272 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has failed to make a showing of good cause as to why any deadlines should again be continued to allow her to amend her complaint for a third time to allege new causes of action, of which she was aware at the time she filed her complaint and amended complaints. Plaintiff knew of these purported new causes of action before she filed her civil lawsuit as they were contained in her DFEH charge. Plaintiff waited until significant discovery had been conducted, significant discovery disputes had been met and conferred over and filings related to the disputed discovery matters had been filed with the Court. Plaintiff's counsel merely asserts that he overlooked pleading these causes of action. No good cause has been shown by plaintiff for her failure to raise the causes of action for discrimination based on sexual orientation and race at the time she filed her original complaint.

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

4

Therefore, the Court's pretrial order should not be amended to allow plaintiff to file an amended complaint.

### B. An Amended Complaint Will Cause Prejudice To Defendant

Various factors that may justify denial of leave to amend are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies by previous amendment. Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted). A court may deny a motion to amend if unfair delay would result, especially in cases in which the party seeking amendment knew or should have known the facts upon which the proposed amendment is based but failed to include them in prior filings. De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 878 (9th Cir. 2000) (citations and internal quotations omitted). See, also, Jordan v. Los Angeles, 699 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982) (leave to amend may be denied when the moving party knew or should have of known the facts upon which the amendment is based when drafting the original pleading, but did not include them in the original pleading.) A proposed amendment that necessitates reopening discovery or that creates a need for further discovery causes undue prejudice to the opposing party. Lockheed Martin Corp. v. Net Worth Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

Plaintiff acknowledges that her proposed additional causes of action for discrimination based on sexual orientation and race were known to her prior to filing her first complaint. (Plaintiff's memorandum of points and authorities in support of motion for leave to amend ("Plaintiff's Memo."), at 2:7-9; Smith Decl., at ¶5.) Plaintiff's DFEH charge cites as grounds for the complaint, "race/color" and sexual orientation. (Smith Decl., Exhibit "B.") Plaintiff's counsel acknowledges that he knew of the claims for discrimination based on sexual orientation and race at the time of filing this lawsuit, however, he asserts that he overlooked pleading race and sexual orientation as causes of action. (Smith Decl., at ¶7.) Indeed, counsel for plaintiff was identified as her counsel on her DFEH complaint.

However, race and sex orientation was never plead as claims in ant of plaintiff's civil complaints. Consequently, significant discovery has been properly conducted, all addressing the

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

5

1  claims for disability and age discrimination plead in plaintiff's complaints.  Admittedly,

2  defendant inquired into plaintiff's DFEH charge during her deposition, however, outside the

3  allegations of age and disability, any inquiry was brief and certainly not in the depth required for

4  a defense to her new proposed claims of sexual orientation and race discrimination.

5   Remarkably, plaintiff opposed and continues to oppose defendant's request for a

6  continuation of her deposition.  (Kumagai Decl., Exhibit "15.")  Initially, the request was based

7  upon plaintiff's refusal to produce responsive documents to defendant's Request for Production

8  of Documents.  Hayashi Decl., at ¶3.)  However, in light of plaintiff's pending request to amend

9  her complaint with new claims, her continued refusal to appear for a continued deposition clearly

10 evidences her bad faith intentions in this litigation.

11  To allow plaintiff to file a third amended complaint would require defendant to conduct a

12 significant further discovery in this case, including depositions, initial disclosures and written

13 discovery.

14  Clearly, to allow the filing of a third amended complaint prejudices defendant to expend

15 significant time and expense to conduct discovery.

### C. Plaintiff's Motion For Leave To Amend Should Be Denied Because She Ran The Applicable Statute Of Limitation

18  A civil action under the Fair Employment and Housing Act ("FEHA") must be

19 commenced within one year after the date of the right to sue notice.  (Govt. Code § 12965(b);

20 Johnson v. City of Loma Linda, 24 Cal.4th 61, 66 (2000).  Failure to file suit within the requisite

21 time gives rise to a statute of limitations defense.  (Downs v. Department of Water & Power of

22 City of Los Angeles, 58 Cal.App.4th 1093, 1102 (1997).).

23  On August 30, 2006, plaintiff received a right to sue letter from the DFEH.  (Smith Decl.,

24 at ¶ 6.)  The limitation period for a lawsuit based on her charge ran a year later on August 29,

25 2007.

26  Plaintiff's original complaint was based on disability and age discrimination.  She now

27 wants to add sexual orientation and race.  These new claims are entirely different theories of

28 recovery and will be based on different facts.

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

6

Plaintiff is seven months too late to add new claims based on different facts. Her motion should be denied as it would be futile to allow her to amend her complaint with causes of action for discrimination based on race and sexual orientation.

### D.     There Is No Relation Back To The Original Complaint

Courts have found that "late amendments to assist new theories are not viewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action. (Caplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), quoting Acri v. International Association of Machinists, 781 F.2d 1393, 1398 (9th Cir. 1996) cert. denied, 479 U.S. 816 (1996). Federal Rule of Civil Procedure 15(c) provides that amendment of a pleading "relates back" to the date of the original pleading when a party has been given fair notice of the plaintiff's claim and upon what ground it rests. (Conley v. Getson, 355 U.S. 41, 47 (1957).

Plaintiff asserts the new causes of action relate back to the same set of facts contained in her initial complaint. However, plaintiff's proposed Third Amended Complaint contains entirely <u>new</u> theories of discrimination based on different facts. For example, discovery and investigation regarding sexual orientation would need to be conducted relating to plaintiff's sexual orientation, knowledge of witnesses regarding plaintiff's sexual orientation and employment actions allegedly resulting from plaintiff's sexual orientation. Plaintiff's sexual orientation has nothing to do with her alleged disability and/or age.

The allegations underlying plaintiff's new claims were included in her DFEH charge and known by plaintiff at the time she filed her original complaint. Defendant had no notice that plaintiff would seek to add claims for sex and race discrimination. Indeed, defendant had every reason to believe that plaintiff would not pursue her these claims, contained in her DFEH charge, because she never raised them before. Based on this fact, plaintiff's new claims are barred by the statute of limitations and there is no relation back.

///

///

///

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

7

### IV. IN THE EVENT PLAINTIFF IS GRANTED LEAVE, PLAINTIFF SHOULD REIMBURSE DEFENDANT'S COSTS

The Court has the discretion to impose costs as a condition of granting leave to amend in order to compensate the opposing party for additional costs. (General Signal Corp. v. MCI Telecommunications Corp., 66 F.3d 1500, 1514 (9th Circ. 1995). Defendant has engaged in extensive discovery. Because of further discovery the filing of an amended complaint would necessitate, defendant should be awarded attorneys fees and costs associated with further discovery, including plaintiff's continued deposition and responding to plaintiff's complaint.

### V. CONCLUSION

Because no good cause exists to amend the Court's pretrial scheduling order and a third amended complaint would cause prejudice, defendant AT&T Operations, Inc. respectfully requests that plaintiff's motion for leave to file a third amended complaint be denied.

DATED: April 4, 2008                    LAFAYETTE & KUMAGAI LLP


*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T OPERATIONS

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on April 4, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

*/s/ Susan T. Kumagai*
SUSAN T. KUMAGAI

ATT\King\Pldg\Oppo to mot for leave to amd.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

DEF.'S MEMO. OF PTS AND AUTH. IN OPPO. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS                    8