M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062

Attorney for Plaintiff
DELLA KING

FILED
ALAMEDA COUNTY
OCT 4 9 2006
CLERK OF THE SUPERIOR COURT
By _____ Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

DELLA KING,

    Plaintiff,

vs.

SBC OPERATIONS, INC., a foreign corporation, DOES ONE through FIVE,

    Defendants.

Case No. RG06 291737

COMPLAINT FOR DAMAGES
1. Retaliation
2. Disability Discrimination
3. Age Discrimination

JURY TRIAL DEMANDED

Plaintiff alleges:

**FIRST CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF PUBLIC POLICY**

1. Defendant SBC Operations Inc., ("SBC") is a foreign corporation.

2. Defendants Does One through Five are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for wrongs and damages as alleged below, conspired to commit the wrong alleged herein, and acted as the agent and employee of SBC.

3. Plaintiff was employed by SBC. On Mary 19, 2005, she returned to work part time (20 hours per week) from a disability.

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16,

1

**EXHIBIT 1**

2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset.

5. Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005. The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of SBC's payroll and SBC Medical Absence and Accommodation Resource Team,("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7. Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005. SBC made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disability and then she returned to work part time. SBC and SMAART discovered that too much had been offset from the pay of plaintiff.

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how SBC had acted illegally in making offsets from her wages.

10. On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with SBC was being eliminated

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v.*

2

1  *DIR* (1962) 57 Cal.2d 319, 369.

2  14. SBC retaliated against plaintiff by causing her to be terminated from her employment.

4  15. As a direct result of the retaliation, plaintiff sustained special damages in an amount according to proof in the loss of back pay, front pay, and benefits that plaintiff would have had if she not been forced to terminate her employment with SBC.

7  16. The conduct of SBC was fraudulent, oppressive, or malicious. Plaintiff should be entitled to punitive damages.

9  WHEREFORE, plaintiff prays for special and general damages according to proof, exemplary damages according to law, prejudgment interest according to law, for costs of suit, attorney's fees, and for such other relief as the court deems proper.

## SECOND CAUSE OF ACTION
## DISCRIMINATION BECAUSE DISABILITY

17. Plaintiff incorporates the allegations of paragraphs one through 16.

18. SBC perceived that plaintiff suffered from a disability.

19. The policy of SBC was to discriminate persons who had disabilities or persons who SBC perceived as having disabilities.

20. The motivation of the adverse action against plaintiff was in part because SBC perceived plaintiff as being disabled. Plaintiff was not disabled and would have been able to do the work assigned to her.

21. Plaintiff exhausted her administrative remedies. Plaintiff filed a complaint with the Department of Fair Employment & Housing. On August 30, 2006, plaintiff received a right-to-sue letter from the Department of Fair Employment & Housing. A copy of the complaint and notice of case closure are attached as Exhibit A.

WHEREFORE, plaintiff prays for judgment as prayed above and for reinstatement of her employment,

//

3

## THIRD CAUSE OF ACTION
## DISCRIMINATION BECAUSE OF AGE

22   Plaintiff incorporat the allegations of paragraphs one through 21.

23.   Plaintiff was over the age of 40 years.

WHEREFORE, Plaintiff prays for judgment as prayed above.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trail by jury.

Dated: September 26, 2006.

*/s/ M. Van Smith*
M. VAN SMITH
Attorney for Plaintiff

4

## *** EMPLOYMENT ***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607M0210-00-apc

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.): Ms. Dosca A. King

ADDRESS: 127 Castro Street

CITY/STATE/ZIP: San Leandro 94577

COUNTY: Alameda

TELEPHONE NUMBER (INCLUDE AREA CODE):

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME: AT&T Long Distance

ADDRESS: 5850 West Las Positas Blvd

CITY/STATE/ZIP: Pleasanton, CA 94588

NO. OF EMPLOYEES/MEMBERS (if known): 100+

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): 10.21.2005

THE PARTICULARS ARE:
On 10.21.2005 I was:
- ___ fired
- ___ laid off
- ___ demoted
- ___ harassed
- ___ genetic characteristics testing
- _X_ forced to quit/retired
- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify)
- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by: Steve Grimm, Associate Vice President AT&T Operations (Job Title)

because of my:
- _X_ sex
- _X_ age
- ___ religion
- _X_ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- _X_ physical disability
- ___ mental disability
- _X_ other (specify): No other explanation given?
- ___ cancer
- ___ genetic characteristic

(Circle one) filing; Protesting; participating in investigation (retaliation for)

the reason given by 30-Day Surplus Notification Letter (utilized for workforce reduction)
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]: I believe the reasons to be Age, Race, Sexual orientation Disability resulting in lost time from work and retaliation. I was given a surplus letter but he hired another employee same department, same job, same title. She is non-African American and younger. (see attached)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated: 8.29.2006

At: Oakland (City)

COMPLAINANT'S SIGNATURE

RECEIVED AUG 29 2006

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
DATE FILED: August 29, 2006

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE:/ETHNICITY (Check one)
- [X] African-American
- [ ] African - Other
- [ ] Asian/Pacific Islander (specify) _____
- [ ] Caucasian (Non-Hispanic)
- [ ] Native American
- [ ] Hispanic(specify) _____

YOUR PRIMARY LANGUAGE (specify)
English

YOUR AGE: 57

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
_____

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
- [ ] AIDS
- [X] Blood/Circulation - *low deficiency, critically low*
- [ ] Brain/Nerves/Muscles
- [ ] Digestive/Urinary/Reproduction
- [ ] Hearing
- [ ] Heart
- [ ] Limbs (Arms/Legs)
- [ ] Mental
- [ ] Sight
- [ ] Speech/Respiratory
- [ ] Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
- [ ] Cohabitation
- [ ] Divorced
- [ ] Married
- [X] Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify) _____

IF FILING BECAUSE OF SEX, THE REASON:
- [ ] Harassment
- [X] Orientation
- [ ] Pregnancy
- [ ] Denied Right to Wear Pants
- [ ] Other Allegations (List)

DFEH-300-03-1 (01/05)

YOUR GENDER: [X] Female  [ ] Male

YOUR OCCUPATION:
- [ ] Clerical
- [ ] Craft
- [ ] Equipment Operator
- [ ] Laborer
- [ ] Manager
- [ ] Paraprofessional
- [X] Professional
- [ ] Sales
- [ ] Service
- [ ] Supervisor
- [ ] Technician

HOW YOU HEARD ABOUT DFEH:
- [ ] Attorney
- [ ] Bus/BART Advertisement
- [ ] Community Organization
- [ ] EEOC
- [ ] EDD
- [ ] Friend
- [ ] Human Relations Commission
- [ ] Labor Standards Enforcement
- [ ] Local Government Agency
- [ ] Poster
- [ ] Prior Contact with DFEH
- [ ] Radio
- [ ] Telephone Book
- [ ] TV
- [X] DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

[X] Yes   [ ] No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

M. Van Smith          510-763-8330
1696 Mendenhall Drive
San Jose, CA 95130    408-364-1067

[signature]            8-29-2006

 

<u>Relevant information for Della King's pre-complaint questionnaire for the Department of Fair Employment to support my claim of discrimination relating to my sexual preference and long term disability and incidents of retaliation for my complaints.</u>

This is a brief description of problems that lead up to this complaint: I raised concerns to my supervisor/Kimberly Gibson about the way she was treating me compared to my peers regarding work issues as well as demanding that I not take time off for an infected tooth that needed treatment. Before I could file an internal complaint I got sick and was on disability from 10.14.05 through 05.19.05 when I returned to work part-time.

In June '05 my supervisor was Diana St. James who mentioned to me that to get a copy of my annual review and read it. I immediately contacted HR because of the contents and was trying to work through them to get this corrected. This issue was brought to Steve Grimm's (the Assoc Vice President of our organization) attention by Kimberly Gibson because of my efforts to have this changed. In spite of all the conversations this issue was not resolved fairly according to corporate policy and HR guidelines.

On my June paycheck I noticed the amount was significantly higher than usual and contacted Pat Skinner/Human Resources immediately. She told me that after talking to payroll this check was correct. My July 5, paycheck was a total of $600 and I started contacting HR, Payroll and SMAART Disability (a 3rd party that is hired by SBC to handle all company disabilities). I was bounced back and forth between the different organizations with no positive results. My next check on July 20, showed a negative balance due and my pay was zero dollars. Again I contacted all of the same people in addition to asking Steve Grimm for his assistance in getting my money straight. He appointed his executive assistant/Demetria Williams to assist me in resolving the issues with my paychecks and provide feedback to him. I expressed concerns of unfair treatment to her and we had a long discussion on several occasions about not getting paid being unlawful in California.

On July 22, 2005 I had surgery and was on disability until 9.06.05 when I returned to work part-time (through 9/19/2005). All efforts to correct the company and SMAART's mistakes continued until early August. On August 5, 2005 my paycheck was large because the company admitted they made a mistake and with held too much money. I complained to my co-workers, Demetria, Diana St. James and HR that this was against the law in California. On 9 16 Steve Grimm had a meeting with his team and told us that Long Distance would be hiring as many as 30 people in Product Development. It was after this meeting that he inquired about the status of my pay. I told Steve that this incident was against the law and I was still working on resolving the problem.

I took 9.19 & 9.20.05 off as vacation and returned to the office on 9 21.05. Stephen Ellis sent me an email and asked me to call him. When I did I was asked to go to his office. He gave me a 30-Day Surplus Notification Letter that is given to employees when there is a surplus condition and the number of employees is reduced. I had 30 days to find another position internally or leave the company.

1

A reduction in employees directly contradicted what Steve Grimm told all of us the previous Friday. The following week my peers Gary Hoard, Lois Oda and Linda Malman expressed their dissatisfaction regarding the letter and made me aware of the department hiring another person (same job, same title and same department – Jean T. Delbos). I had already made several attempts to get answers from Stephen Ellis as to why I was given that letter and he avoided answering any questions concerning the letter and referred me to HR/Pat Skinner. Pat is the HR Consultant for higher-level managers and she too would only speak to me on the phone and would not address the "why" question. I finally realized that no one was going to help me get to the bottom of this and filed a complaint. On October 6, 2005 I filed and internal discrimination complaint via the EEO Hotline. I spoke to Marian at 888-926-6759 and was given reference number 510-060827. Marian told me that my complaint would be referred to SBC HR and they would contact me to follow-up

I got a call from Elisa Trejo/HR on 10.11.05 and she told me that she would look into my complaint but that she would not be able to provide me with the result. Elisa asked me two questions: whether or not this was racial discrimination and I told her I didn't think so; she asked me what I wanted as a result of this complaint. My reply was that I know that I was not wanted in Long Distance and that the letter should be discarded and I should be given a fair opportunity to find another job internally. I never heard from Elisa again on this complaint. I was able to get an interview for a job prospect. I interviewed with Carolyn Golinveaux a Technical Director in Information Technology. She was very pleased with my knowledge, skills and abilities and told me that I would be hearing from HR the following day. It is company policy for a hiring manager to have HR make the job offer. After the interview on 10.19.05 I returned to work and Stephen Ellis pressed me for answers on where I had been and whom I interviewed with for the job. After I provided him with the information he requested I regretted it. He told me that he intended to contact her and asked him not to call her because she did say she would call him the next day. Unbeknownst to me he called her and told me the next day that his response reflected the fact that I could not do the work in my current assignment but that he thought her position might be a better fit for me. He was very cold and factual about his conversation and I told him how displeased I was with his unfounded remarks. He was my supervisor from 9.06.05 until I left the company so he had no knowledge of my abilities. I immediately called Elisa Trejo and let her a voice message about this occurrence and the fact that he went out of his way to ensure that I would be leaving the company on 10.21.05. After checking my email I got a short email from Carolyn indicating that she would not pursue hiring me and wished me luck.

On 10.21.05 my 30-days were up and I was forced to leave the company. I filed a complaint with the Department of Labor Standards in Employment in July '05. I made two attempts to get status and was told the last time to resend my original complaint with the additional information I wanted to include in my complaint. After resending the information in May I got a response that said I did not respond to their request for more information and not the statute for them to pursue my complaint had expired and they returned my last form to me.

2

I did not get my paycheck on my last day and they gave me no explanation. On Saturday (10.22.05) Pat Skinner/HR called me to say that they would send me my checks the following week because a clerk forgot to request my checks from payroll. I expressed my disappointment and told her I wanted my checks (final pay check and unused vacation pay) immediately. My checks were sent via courier on 10.26.05 and included extra pay for Saturday, Sunday and Monday per the conversation I had with Pat Skinner.

I think SBC will deny any wrong doing on their part and support the actions of Steve Grimm, Kimberly Gibson and Stephen Ellis. I am not optimistic about their honesty regarding my numerous complaints because of my past efforts to resolve the issues mentioned and their blatant disregard for company policy, HR regulations and the laws within this state. They have abused their positions of authority to get what they wanted.

As a remedy I am asking for the "Right to Sue" and pursue this through the court.

3

  

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov

ARNOLD SCHWARZENEGGER, Governor

August 30, 2006

M. Van Smith
Attorney At Law

1696 Mendenhall Drive
San Jose, CA 95130

RE: E200607M0210-00-apc
    KING/A T & T LONG DISTANCE

Dear M. Van Smith:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 29, 2006 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:   Case File

Stephen Ellis
Executive Director
A T & T LONG DISTANCE
5850 W. Las Positas Blvd
Pleasanton, CA 94588

DFEH-200-43 (06/06)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| M. VAN SMITH (SBN 32007)<br>1696 Mendenhall Dr.<br>San Jose, Cal. 95130<br>TELEPHONE NO.: 408-364-1062   FAX NO.: | | *5232993*<br><br>FILED<br>ALAMEDA COUNTY<br><br>OCT 0 2 2006<br><br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |
| ATTORNEY FOR (Name): Plaintiff DELLA KING | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, Cal. 94612<br>BRANCH NAME: | | |
| CASE NAME: KING v. SBC OPERATIONS, INC. | | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG06 291737 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter | [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE:<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

Date: September 26, 2006.

M. VAN SMITH _____   ▶ /s/ M. Van Smith
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use