

1  M. VAN SMITH
   State Bar No. 32007
2  1696 Mendenhall Drive
3  San Jose, California 95130
   Telephone (408) 364-1062
4
5  Attorney for Plaintiff
   DELLA KING
6
7          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                  FOR THE COUNTY OF ALAMEDA
9                      UNLIMITED JURISDICTION
10
11 DELLA KING,                        Case No. RG06291737
12                    Plaintiff,      FIRST AMENDED COMPLAINT
             vs                       1. Retaliation
13                                    2. Disability Discrimination
   SBC OPERATIONS, INC., a foreign    3. Age Discrimination
14 corporation, AT&T LONG DISTANCE,
   a corporation, et al.,             JURY TRIAL DEMANDED
15                    Defendants.
16
17     Plaintiff alleges:
18              FIRST CAUSE OF ACTION
           RETALIATION IN VIOLATION OF PUBLIC POLICY
19
       1. Defendant SBC Operations Inc., is a foreign corporation.  SBC Operations,
20
   Inc. became known as or a part of AT&T Long Distance ("AT&T").
21
       2. Defendants  Does One through Five are sued under fictitious names
22
   pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and believes,
23
   and on that basis alleges, that each defendant sued under such fictitious names is in
24
   some manner responsible for wrongs and damages as alleged below, conspired to
25
   commit the wrong alleged herein, and acted as the agent and employee of AT&T.
26
       3. Plaintiff was employed by AT&T.  On Mary 19, 2005, she  returned to work
27
   part time (20 hours per week) from a disability.
28

                                    1

─────────────────────────────────────
           FIRST AMENDED COMPLAINT FOR DAMAGES


                    EXHIBIT 2

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16, 2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset

5 Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005 The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of AT&T's payroll and AT&T Medical Absence and Accommodation Resource Team ("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7 Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005 AT&T made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disabilty and then she returned to work part time. AT&T and SMAART discovered that too much had been offset from the pay of plaintiff

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how AT&T had acted illegally in making offsets from her wages.

10 On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with AT&T was being eliminated.

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v Neiman*

2

1 | *Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v.*

2 | *DIR* (1962) 57 Cal.2d 319, 369.

3 |     14.  AT&T retaliated against plaintiff by causing her to be terminated from her

4 | employment.

5 |     15.  As a direct result of the retaliation, plaintiff sustained special damages in an

6 | amount according to proof in the loss of back pay, front pay, and benefits that plaintiff

7 | would have had if she not been forced to terminate her employment with AT&T.

8 |     16.  The conduct of AT&T was fraudulent, oppressive, or malicious.  Plaintiff

9 | should be entitled to punitive damages.

10 |          WHEREFORE, plaintiff prays for special and general damages according

11 | to proof, exemplary damages according to law, prejudgment interest according to law,

12 | costs of suit, attorney's fees, and for such other relief as the court deems proper.

13 | ## SECOND CAUSE OF ACTION
## DISCRIMINATION BECAUSE DISABILITY

14 |

15 |     17.  Plaintiff incorporates the allegations of paragraphs one through 16.

16 |     18.  AT&T perceived that plaintiff suffered from a disability.

17 |     19.  The policy of AT&T was to discriminate persons who had disabilities or persons

18 | who AT&T perceived as having disabilities.

19 |     20.  The motivation of the adverse action against plaintiff was in part because AT&T

20 | perceived plaintiff as being disabled.  Plaintiff was not disabled and would have been able

21 | to do the work assigned to her.

22 |     21.  Plaintiff exhausted her administrative remedies.  Plaintiff filed a complaint with

23 | the Department of Fair Employment & Housing  On August 30, 2006, plaintiff received

24 | a right-to-sue letter from the Department of Fair Employment & Housing.

25 |          WHEREFORE, plaintiff prays for judgment as prayed above.

26 |

27 |

28 | //

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD CAUSE OF ACTION

### DISCRIMINATION BECAUSE OF AGE

22.   Plaintiff incorporattheallegations of paragraphs one through 21.

23.   Plaintiff was over the age of 40 years.

WHEREFORE, Plaintiff prays for judgment as prayed above.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trail by jury.

Dated: October 9, 2006.

*M. Van Smith*

M. VAN SMITH
Attorney for Plaintiff

4

FIRST AMENDED COMPLAINT FOR DAMAGES

**(CITACION JUDICIAL)**

NOTICE TO DEFENDANT: SBC OPERATIONS, INC., a foreign corporation,
*(AVISO AL DEMANDADO):*

DOES ONE through FIVE

YOU ARE BEING SUED BY PLAINTIFF: DELLA KING
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 0 2 2006

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: SUPERIOR COURT, COUNTY OF ALAMEDA
*(El nombre y dirección de la corte es):* 1225 Fallon Street, Oakland, Cal. 94612

CASE NUMBER *(Número del Caso):* RG06 291737

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
M. VAN SMITH, 1696 Mendenhall Dr., San Jose, Cal. 95130; 408-364-1062.

DATE: OCT 0 2 2006    PAT S. SWEETEN    Clerk, by Esther Coleman , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*    MAR 1 3 2007

3. [X] on behalf of *(specify):* SBC OPERATIONS, INC

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

| PLAINTIFF/PETITIONER: DELI KING | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SBC OPERATIONS, INC. | RG06291737 |

5.  c  ☑  by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date): March 10, 2007    (2) from (city): San Jose

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me  (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested.  (Code Civ Proc., § 415.40.)

  d. ☐ by other means (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6  The "Notice to the Person Served" (on the summons) was completed as follows:
  a ☐ as an individual defendant.
  b ☐ as the person sued under the fictitious name of (specify):
  c. ☐ as occupant.
  d. ☑ On behalf of (specify): SBC OPERATIONS, INC  (aka known as AT&T Operations, Inc.)
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
    ☐ other:

7.  Person who served papers
  a  Name: M. VAN SMITH
  b. Address: 1696 Mendenhall Dr., San Jose, Cal 95130
  c. Telephone number: 408-364-1062
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b)
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor
      (ii) Registration No :
      (iii) County:

8  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct

Date: March 10, 2007

M. VAN SMITH
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)