M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062

Attorney for Plaintiff
DELLA KING

FILED
ALAMEDA COUNTY
APR 18 2007
CLERK OF THE SUPERIOR COURT
By _____ Deputy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

DELLA KING,

    Plaintiff,

vs.

AT&T OPERATIONS, INC., corporation, et al.,

    Defendants.

Case No. RG06291737

SECOND AMENDED COMPLAINT
1. Retaliation
2. Disability Discrimination
3. Age Discrimination

JURY TRIAL DEMANDED

Plaintiff alleges:

### FIRST CAUSE OF ACTION
### RETALIATION IN VIOLATION OF PUBLIC POLICY

1. Plaintiff was employed by SBC Operations Inc. SBC Operations Inc. is now known as or operated as AT&T Operations Inc., a corporation organized in the State of Delaware. AT&T Operations Inc. will be referred to herein as AT&T.

2. Defendants Does One through Five are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for wrongs and damages as alleged below, conspired to commit the wrong alleged herein, and acted as the agent and employee of AT&T.

3. Plaintiff was employed by AT&T On Mary 19, 2005, she returned to work part time (20 hours per week) from a disability

1

SECOND AMENDED COMPLAINT FOR DAMAGES

EXHIBIT 3

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16, 2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset.

5. Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005. The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of AT&T's payroll and AT&T Medical Absence and Accommodation Resource Team ("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7. Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005. AT&T made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disability and then she returned to work part time. AT&T and SMAART discovered that too much had been offset from the pay of plaintiff.

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how AT&T had acted illegally in making offsets from her wages.

10. On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with AT&T was being eliminated.

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v. Neiman*

2

SECOND AMENDED COMPLAINT FOR DAMAGES

*Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v. DIR* (1962) 57 Cal.2d 319, 369.

14. AT&T retaliated against plaintiff by causing her to be terminated from her employment.

15. As a direct result of the retaliation, plaintiff sustained special damages in an amount according to proof in the loss of back pay, front pay, and benefits that plaintiff would have had if she not been forced to terminate her employment with AT&T

16. The conduct of AT&T was fraudulent, oppressive, or malicious. Plaintiff should be entitled to punitive damages.

WHEREFORE, plaintiff prays for special and general damages according to proof, exemplary damages according to law, prejudgment interest according to law, costs of suit, attorney's fees, and for such other relief as the court deems proper

SECOND CAUSE OF ACTION
DISCRIMINATION BECAUSE DISABILITY

17. Plaintiff incorporates the allegations of paragraphs one through 16.

18. AT&T perceived that plaintiff suffered from a disability.

19. The policy of AT&T was to discriminate persons who had disabilities or persons who AT&T perceived as having disabilities.

20. The motivation of the adverse action against plaintiff was in part because AT&T perceived plaintiff as being disabled. Plaintiff was not disabled and would have been able to do the work assigned to her.

21. Plaintiff exhausted her administrative remedies  Plaintiff filed a complaint with the Department of Fair Employment & Housing. On August 30, 2006, plaintiff received a right-to-sue letter from the Department of Fair Employment & Housing.

WHEREFORE, plaintiff prays for judgment as prayed above.

//

THIRD CAUSE OF ACTION
DISCRIMINATION BECAUSE OF AGE

3

SECOND AMENDED COMPLAINT FOR DAMAGES

22. Plaintiff incorporate the allegations of paragraphs one through 21

23. Plaintiff was over the age of 40 years.

WHEREFORE, Plaintiff prays for judgment as prayed above.

REQUEST FOR JURY TRIAL

Plaintiff requests a trail by jury.

Dated: April 12, 2007.

*M. Van Smith* (signature)
M. VAN SMITH
Attorney for Plaintiff

4

SECOND AMENDED COMPLAINT FOR DAMAGES

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| M. VAN SMITH (SBN 32007)<br>1696 Mendenhall Dr<br>San Jose, Cal 95130<br>TELEPHONE NO.: 408-364-1062    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Della King | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, Cal. 94612<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DELLA KING | |
| DEFENDANT/RESPONDENT: AT&T OPERATIONS INC. | |
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG06291737 |

TO *(insert name of party being served)*: AT&T OPERATIONS INC.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: April 17, 2007

M. VAN SMITH
(TYPE OR PRINT NAME)    ▶ *[signature]* (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint
2. [ ] Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed: April 27, 2007

LAFAYETTE & KUMAGAI LLP
Susan T. Kumagai
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)    ▶ *[signature]* (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]    NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL    Code of Civil Procedure,
§§ 415.30, 417.10
www.JuriSearch.com