LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC.

ENDORSED
FILED
ALAMEDA COUNTY

MAY 16 2007

BY DOROTHY THE SUPERIOR COURT
COCKETT DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

DELLA KING,

    Plaintiff,

vs.

AT&T OPERATIONS, INC., corporation, et al.,

    Defendants.

Case No. RG 06291737

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT

Seconded Amended Complaint filed: April 18, 2007

Defendant AT&T OPERATIONS, INC. ("Defendant"), answers Plaintiff Della King's ("Plaintiff") unverified Second Amended Complaint ("Complaint") as follows:

1. Pursuant to California Code of Civil Procedure §431.30(d), Defendant generally denies each and every, all and singular, allegation in Plaintiff's Second Amended Complaint (the "Complaint"), and generally denies Plaintiff has been injured in the sums alleged in the Complaint, or any sum at all, as the result of any action, omission to act or delay in acting by Defendant.

FIRST AFFIRMATIVE DEFENSE

2. As a first, separate and affirmative defense, Defendant asserts that Plaintiff fails to allege facts sufficient to constitute a cause of action against Defendant.

///
///

1

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT

**EXHIBIT 4**

## SECOND AFFIRMATIVE DEFENSE

3. As a second, separate and affirmative defense, Defendant asserts that Plaintiff failed to properly exhaust applicable administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

4. As a third, separate and affirmative defense, Defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

5. As a fourth, separate and affirmative defense, Defendant asserts that it had no knowledge of any alleged discrimination and/or retaliation.

## FIFTH AFFIRMATIVE DEFENSE

6. As a fifth, separate and affirmative defense, Defendant asserts that any damages sustained by Plaintiff were either wholly or in part negligently caused by Plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

7. As a sixth, separate and affirmative defense, Defendant asserts that the Complaint and each cause of action alleged therein are barred under applicable statutes of limitation including, but not limited to, those set forth in California Code of Civil Procedures §§340, 335.1, 338 and California Government Code §§12940, *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE

8. As a seventh, separate and affirmative defense, Defendant asserts that to the extent Plaintiff seeks relief for mental and/or emotional distress her claims are preempted by the exclusivity provisions of California Workers' Compensation Act, Labor Code §§3200, *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE

9. As an eighth, separate and affirmative defense, Defendant asserts that the alleged damages sustained by Plaintiff were caused by persons, firms, corporations, entities or organizations other than Defendant, and by reason thereof, Defendant is not liable to Plaintiff for any alleged injuries, losses or damages.

### NINTH AFFIRMATIVE DEFENSE

10. As a ninth, separate and affirmative defense, Defendant asserts that Plaintiff failed to mitigate her damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

### TENTH AFFIRMATIVE DEFENSE

11. As a tenth, separate and affirmative defense, Defendant asserts that Plaintiff is guilty of laches and unreasonably delay in bringing this action and in asserting any cause of action against Defendant, and such unreasonable delay is without good cause and is substantially prejudicial to Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

12. As an eleventh, separate and affirmative defense, Defendant asserts that it exercised reasonable care to prevent and promptly correct the alleged conduct and Plaintiff failed to take advantage of any preventative or corrective measures provided by Defendant to avoid the alleged harm.

### TWELFTH AFFIRMATIVE DEFENSE

13. As a twelfth, separate and affirmative defense, Defendant asserts that an award of punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. As a thirteenth, separate and affirmative defense, Defendant asserts that the Complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the Complaint and each cause of action alleged therein fail to state sufficient and specific facts to support the underlying allegations of malice, fraud and oppression

### FOURTEENTH AFFIRMATIVE DEFENSE

15. As a fourteenth, separate and affirmative defense, Defendant asserts that Plaintiff failed to use ordinary care and diligence in the performance of her duties, thus her claims are barred by Labor Code §2854.

3

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE

16. As a fifteenth, separate and affirmative defense, Defendant asserts that the complained-of actions were taken with just cause and were not in violation of any federal or state statute

### SIXTEENTH AFFIRMATIVE DEFENSE

17. As a sixteenth, separate and affirmative defense, Defendant asserts that the alleged adverse employment action of which Plaintiff complains was based on one or more legitimate, non-discriminatory reasons

### SEVENTEENTH AFFIRMATIVE DEFENSE

18. As a seventeenth, separate and affirmative defense, Defendant asserts that it did not ratify and/or approve any wrongful conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19. As an eighteenth, separate and affirmative defense, Defendant asserts that it would have acted in the manner alleged regardless of Plaintiff's alleged disability, age and/or purported protected act.

### NINETEENTH AFFIRMATIVE DEFENSE

20. As a nineteenth, separate and affirmative defense, Defendant asserts that Plaintiff consented to and acquiesced in the alleged acts or omissions, if any, barring Plaintiff from any relief as prayed for in her Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

21. As a twentieth, separate and affirmative defense, Defendant asserts that it had no knowledge of any protected activity in which Plaintiff allegedly engaged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. As a twenty-first, separate and affirmative defense, Defendant asserts that to the extent Plaintiff engaged in a protected act, she did so in bad faith

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. As a twenty-second, separate and affirmative defense, Defendant asserts that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29

U.S.C §§1001 et seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. As a twenty-third, separate and affirmative defense, Defendant asserts that it is named as the wrong party defendant

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. As a twenty-fourth, separate and affirmative defense, Defendant asserts that Plaintiff is not a qualified disabled individual as a matter of law

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. As a twenty-fifth, separate and affirmative defense, Defendant asserts that it is entitled to recover reasonable expenses, including attorneys' fees, from Plaintiff and her counsel, and that Plaintiff's complaint, and each purported cause of action or count thereunder, is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing Defendant

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by the Complaint;
2. That the Complaint be dismissed with prejudice;
3. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and
4. This Court grant such other further relief as it may deem appropriate.

DATED: May 16, 2007

LAFAYETTE & KUMAGAI LLP

SUSAN T. KUMAGAI
Attorneys for Defendant
AT&T OPERATIONS, INC.

# PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105

On May 16, 2007, I served the document named below on the parties in this action as follows:

**DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT**

__X__ (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee(s) noted below.

_____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below

M. Van Smith, Esq.
1696 Mendenhall Drive
San Jose, California 95130

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on  May 16, 2007  , at San Francisco, California.

_____
Nicole S. Block

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED SECOND AMENDED COMPLAINT