LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
G. MARTIN VELEZ (State Bar No. 168315)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC

M. VAN SMITH (State Bar No. 32007)
1696 Mendenhall Drive
San Jose, California 95130
Telephone: (408) 364-1062
Facsimile: (408) 273-6496

Attorney for Plaintiff
DELLA KING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>             Plaintiff,<br><br>vs.<br><br>AT&T OPERATIONS, INC., corporation, et al.,<br><br>             Defendants. | Case No. C 07-02600 JCS<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: August 24, 2007<br>Time: 1:30 p.m.<br>Courtroom: A, 15th Floor<br>Judge: Honorable Joseph C. Spero |

Plaintiff Della King ("plaintiff") and defendant AT&T Operations, Inc. ("defendant") (collectively referred to as the "parties") submit the following Joint Case Management Conference Statement pursuant to F.R.C.P., Rule 26(f) and Local Rule 16-9

1.  Jurisdiction and Service

This action was removed to this Court based on diversity jurisdiction. (28 U.S.C. § 1332) No dispute exists regarding jurisdiction or venue. No parties remain to be served.

///

///

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No C 07-02600 JCS

1

**EXHIBIT 5**

2. <u>Summary of Facts</u>

Plaintiff alleges that she complained to defendant of deductions being made from her paycheck after her return from a disability leave. She alleges that a surplus notification was issued to her in retaliation for her complaints. She also contends that the issuance of the surplus notice was discriminatory because defendant wrongfully perceived she was disabled and because of her age. Plaintiff's employment ended on October 21, 2005.

Defendant denies plaintiff's allegations. All employment decisions regarding plaintiff were based on legitimate, non-discriminatory reasons.

Factual disputes in this case involve:

    a.    Deductions from plaintiff's paychecks and her alleged complaint of deductions;

    b.    Plaintiff's medical condition(s) and her disability leave(s) during the relevant time period to this action;

    c.    Whether defendant perceived plaintiff as being disabled;

    d.    The reasons for issuing a 30 day surplus notification letter to plaintiff;

    e.    What actions plaintiff took after plaintiff received the surplus notification letter;

    f.    Plaintiff's job performance; and

    g.    Damages.

3. <u>Legal Issues</u>

The following legal issues are in dispute:

    a.    Did plaintiff engage in a protected activity when she allegedly complained about deductions from her paycheck;

    b.    Whether defendant perceived plaintiff as being disabled;

    c.    Whether defendant issued plaintiff a surplus notification in retaliation for her complaints about deductions to her paycheck, a perceived disability and/or her age;

    d.    Whether plaintiff was wrongfully terminated and suffered injury from the termination; and

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C 07-02600 JCS

2

Case 3:07-cv-02600-JCS    Document 11    Filed 08/17/2007    Page 3 of 5

  e. Whether plaintiff mitigated her damages.

 4. Motions

There are no pending motions and no prior motions have been filed. Defendant anticipates filing a motion for summary judgment and motions in limine.

 5. Amendment of Pleadings

The parties do not anticipate the filing of any amended pleadings.

 6. Evidence Preservation

Defendant made a good faith effort to retrieve all documents from persons it believed possessed documents which may be relevant to the issues reasonably evident in this case. The documents retrieved are maintained in the offices of defendant's attorneys of record. Defendant has notified persons of the need to keep and preserve any documents that may be relevant to the issues reasonably evident in this action. Defendant will continue to make reasonable efforts throughout the litigation of this action, to notify persons it reasonably believes may come into possession of relevant documents of the need to keep and preserve them.

 7. Disclosures

The parties met and conferred pursuant to Rule 26(f) on August 1, 2007. The parties intend to exchange initial disclosures on August 17, 2007

 8 Discovery

 a) Defendant anticipates deposing the following individuals:

  1. Plaintiff;

  2. Plaintiff's medical doctors; and

  3. Other witnesses disclosed by plaintiff during discovery.

Defendant will propound written discovery (i.e., interrogatories, request for documents, and requests for admissions). Defendant will issue subpoenas for plaintiff's medical records.

The parties agree to the limitations imposed on discovery under the Federal Rules of Civil Procedure, with the exception of those limiting the number of interrogatories. The parties seek to propound up to 40 interrogatories.

Case 3:07-cv-02600-JCS    Document 11    Filed 08/17/2007    Page 4 of 5

9. **Class Action**

Not applicable.

10. **Related Cases**

None.

11. **Relief**

Damages will be loss of earnings and benefits during the period of unemployment. Plaintiff also claims damages for mental distress.

12. **Settlement and ADR**

The parties are agreeable to participating in an Early Neutral Evaluation.

13. **Consent to Magistrate Judge For All Purposes**

The parties consented to the Honorable Joseph C. Spero, Magistrate Judge, to conduct all further proceedings, including trial and entry of judgment.

14. **Other References**

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties have not agreed to the narrowing of any issues at this time.

16. **Expedited Schedule**

The parties do not believe this case should be handled on an expedited basis.

17. **Scheduling**

The parties propose the following scheduling:

| | | |
|---|---|---|
| a. | Non-expert discovery cut-off | May 12, 2008. |
| b. | Designation of expert witnesses and reports | May 12, 2008 |
| c. | Designation of supplemental/rebuttal experts and reports | June 12, 2008 |
| d. | Expert witness discovery cut-off | July 14, 2008 |
| e. | Last day for hearing on dispositive motions | August 15, 2008. |
| f. | Jury trial | October 13, 2008. |

18. <u>Trial</u>

Plaintiff requests a jury trial. The parties anticipate the trial will last 7 to 10 court days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

a. Defendant:

Southwestern Bell Communications, Inc. changed its legal name to "SBC Operations, Inc." effective November 18, 1997. After the merger of AT&T Corp. and SBC, the company changed its legal name to "AT&T Operations, Inc." effective December 2005. AT&T Operations, Inc is a wholly owned subsidiary of AT&T Inc., a Delaware Corporation.

b. Plaintiff

Pursuant to Civil L. R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

20. <u>Other Matters</u>

None at this time.

DATED: August 17, 2007         LAFAYETTE & KUMAGAI LLP

                               /s/ SUSAN T. KUMAGAI
                               SUSAN T. KUMAGAI
                               Attorneys for Defendant
                               AT&T OPERATIONS, INC.

DATED: August 17, 2007

                               <u>Verbal Authorization to file provided by M. Van Smith to G. Martin Velez on August 17, 2007</u>
                               M. VAN SMITH
                               Attorney for Plaintiff Della King

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on August 17, 2007, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                               /s/ SUSAN T. KUMAGAI
                               SUSAN T. KUMAGAI

N:\Documents\AT1\King\Pldg\joint cmc.doc