LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>    Plaintiff,<br><br>vs.<br><br>AT&T OPERATIONS, INC., corporation, et al.,<br><br>    Defendants. | Case No. C 07-02600 JCS<br><br>**DEFENDANT AT&T OPERATIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY: AT&T OPERATIONS, INC.

RESPONDING PARTY: PLAINTIFF DELLA KING

SET NUMBER: ONE (1)

TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:

    DEMAND IS HEREBY MADE, pursuant to Federal Rules of Civil Procedure, Rule 34(a), that you produce and permit for inspection and copying/photographing, the original documents and tangible things described in Exhibit "A" attached hereto. The place of production shall be Lafayette & Kumagai LLP, 100 Spear Street, Suite 600, San Francisco, California 94105. The time for such production shall be at 10:00 a.m. on November 12, 2007,

///

///

1  and continuing so long as it is reasonably required.

2

3  DATED: October 9, 2007                    LAFAYETTE & KUMAGAI LLP

4

5                                             _____
                                              SUSAN T. KUMAGAI
6                                             Attorneys for Defendant
                                              AT&T OPERATIONS, INC.
7

8  N:\Documents\AT T\King\Disc\ReqProdDocs.doc

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

## EXHIBIT "A"

## DEFINITIONS

As used herein, "documents" include, but is not limited to, all written graphic or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession or control of plaintiff DELLA KING and her agents, employees and attorneys, including the originals (or any copies when originals are not available) and any non-identical copies (where different from the originals because of notes made on such copies, or because indications that said copies were sent to different individuals than the original, or whether different for any other reason) of writings, records and recordings of each kind and description, whether inscribed by hand or by mechanical, electronic, microfilm, photographic, or other means, as phonic (such as tape records) or visual reproduction of any statements, conversations of events and including, but not limited to, correspondence, teletype messages, notes reports, compilations studies, tabulations, tallies, maps, diagrams, plans, projections, pictures, movies, computer runs, advertising and promotional material, test records and reports, notebooks, minutes and records or any other sort of director's minutes or records of any sort of all other meetings, memoranda of all types, inter-office communications, procedure manuals, reports, contracts, bids, licenses, agreements, ledgers, books of account, vouchers, financial statements, working papers, drafts, statistical analyses, invoices, purchase orders, expense account records, stenographer's notebooks, desk calendars, appointment books, diaries, all abstracts, summaries and analyses of the above, and all recorded matter of every nature and kind.

As used herein, "action" should be understood to include and encompass the subject lawsuit.

As used herein, "any" should be understood to include and encompass "all," and "all" should be understood to include and encompass "any."

As used herein, the "Complaint" should be understood to refer to the Second Amended Complaint For Damages filed by plaintiff Della King in the instant action.

As used herein, "defendant" or "Company" should be understood to include named defendant AT&T Operations, Inc.

3

DEFENDANT AT&T OPERATIONS, INC.'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE
Case No. C 07-02600 JCS

As used herein, "or" should be understood to include and encompass "and," and "and" should be understood to include and encompass "or."

As used herein, "you" or "your" shall refer to plaintiff Della King.

As used herein, "Company" shall refer to defendant AT&T Operations, Inc.

**DOCUMENTS REQUESTED**

1. All documents that constitute, evidence, relate to or refer to your salary, wages, earnings, compensation or other income from October 21, 2007 to the present, including, but not limited to bank statements, income statements, credit applications, federal and state income tax returns, financial statements, W-2 forms and paycheck stubs.

2. All documents that constitute, evidence, relate or refer to memos, diaries, notebooks, appointment books, calendars or other logs of events kept by you at any time regarding your employment with Defendant and/or the subject matter of the action.

3. All documents that constitute, evidence, relate or refer to any application for benefits claimed or any proceeding (other than this action), whether administrative or legal, filed or commenced, or caused to be filed or commenced, by you in connection with your employment including, but not limited to, any complaint filed with the California Department of Fair Employment and Housing ("DFEH") and/or U.S. Equal Employment Opportunity Commission ("EEOC") and/or any claim for unemployment benefits, disability benefits and/or workers' compensation benefits.

4. All documents that constitute, evidence, support, relate to or refer to your job description, duties and responsibilities while an employee of the Company.

5. All documents that constitute, evidence, relate or refer to any representations or promises made to you by anyone concerning your employment with the Company.

6. All documents that constitute, evidence, support, relate to or refer to any treatment of you by any agent, employee, former agent or former employee of the Company which you claim was discriminatory.

7. All documents that constitute, evidence, support, relate to or refer to communication between you and any other persons or entities including employees or former

employees of defendants regarding the allegations in the Complaint.

8. All documents that constitute, evidence, support, relate to or refer to written statements, tape recordings or transcriptions of statements regarding the allegations in the Complaint.

9. All documents that constitute, evidence, support, relate to or refer to your contention that Defendant acted illegally in making offsets from your wages, as alleged in paragraph 9 in the Complaint.

10. All documents that constitute, evidence, support, relate to or refer to your contention that you received a pay check dated June 3, 2005, which contained a disability offset of $312, as alleged in paragraph 4 in the Complaint.

11. All documents that constitute, evidence, support, relate to or refer to your contention that you received a pay check dated June 20, 2005, which did not contain a disability offset, as alleged in paragraph 5 in the Complaint.

12. All documents that constitute, evidence, support, relate to or refer to your contention you received a pay check dated July 5, 2005, which contained disability offsets of $971 and $1092.62, as alleged in paragraph 6 in the Complaint.

13. All documents that constitute, evidence, support, relate to or refer to your contention you spoke to the Company's payroll administrators and AT&T Medical Absence and Accommodation Resource Team regarding disability offsets, as alleged in paragraph 6 in the Complaint.

14. All documents that constitute, evidence, support, relate to or refer to your contention that you received no pay for the pay period of July 1, 2005 to July 15, 2005, as alleged in paragraph 7 in the Complaint.

15. All documents that constitute, evidence, support, relate to or refer to your contention that AT&T made disability offsets of $2408.14 and $1560, leaving you with a negative balance of $1297.32 to be taken from your next pay check, as alleged in paragraph 7 in the Complaint.

16. All documents that constitute, evidence, support, relate to or refer to your

1  contention that you were on full disability from July 22, 2005 until September 6, 2005, as alleged
2  in paragraph 8 in the Complaint.
3      17.   All documents that constitute, evidence, support, relate to or refer to your
4  contention that the Company and SMAART discovered that too much had been offset from the
5  pay of plaintiff, as alleged in paragraph 8 in the Complaint.
6      18.   All documents that constitute, evidence, support, relate to or refer to your
7  contention that you spoke to Steven Grimm about the problem you were having getting payment
8  of your wages as alleged in paragraph 9 in the Complaint.
9      19.   All documents that constitute, evidence, support, relate to or refer to your
10 contention that the Company had acted illegally in making offsets from your wages.
11     20.   All documents that constitute, evidence, support, relate to or refer to your
12 contention that Stephen Ellis gave you a Surplus Notification letter stating that the position of
13 Della King with the Company had been eliminated.
14     21.   All documents that constitute, evidence, support, relate to or refer to your
15 contention that another employee was recruited for the same title, same job, and same
16 responsibilities as you had been doing, as alleged in paragraph 12 in the Complaint.
17     22.   All documents that constitute, evidence, support, relate to or refer to your
18 contention that a motivation for giving you the Surplus Notification letter was your complaints
19 regarding deductions from your wages, as alleged in paragraph 13 in the Complaint.
20     23.   All documents that constitute, evidence, support, relate to or refer to your
21 contention that Defendant retaliated against you in violation of public policy, as alleged in your
22 first cause of action in the Complaint.
23     24.   All documents that constitute, evidence, support, relate to or refer to your
24 contention that Defendant perceived that plaintiff suffered from a disability, as alleged in
25 paragraph 18 in the Complaint.
26     25.   All documents that constitute, evidence, support, relate to or refer to your
27 contention that the Company's policy was to discriminate against persons who had disabilities as
28 alleged in paragraph 19 in the Complaint.

6

DEFENDANT AT&T OPERATIONS, INC 'S REQUEST FOR PRODUCTION OF
DOCUMENTS, SET ONE
Case No C 07-02600 JCS

26. All documents that constitute, evidence, support, relate to or refer to your contention that the Company's policy was to discriminate against persons perceived as having disabilities as alleged in paragraph 19 of the Complaint.

27. All documents that constitute, evidence, support, relate to or refer to your contention that the motivation of the adverse action against you was in part because Defendant perceived you as being disabled, as alleged in paragraph 20 in the Complaint.

28. All documents that constitute, evidence, support, relate to or refer to your contention that Defendant discriminated against you because of a disability, as alleged in the second cause of action in the Complaint.

29. All documents that constitute, evidence, support, relate to or refer to your contention that Defendant discriminated against you because of age, as alleged in the third cause of action in the Complaint.

30. All documents that constitute, evidence, support, relate to or refer to your contention that plaintiff sustained special damages in the loss of back pay, front, pay, and benefits that plaintiff would have had if she had not been forced to terminate her employment as alleged in paragraph 15 in the Complaint.

31. All documents that constitute, evidence, support, relate to or refer to your contention that support your contention that the conduct of Defendant was fraudulent, oppressive, or malicious, as alleged in paragraph 16 in the Complaint.

32. All documents that constitute, evidence, support, relate to or refer to your contention that plaintiff should be entitled to punitive damages, as alleged in paragraph 16 in the Complaint.

33. All documents that constitute, evidence, support, relate to or refer to your contention that plaintiff was forced to terminate her employment with the Company, as alleged in paragraph 15 in the Complaint.

34. All documents that constitute, evidence, support, relate to or refer to your contention that you are disabled including, but not limited to, medical reports, diagnosis, correspondence, memoranda, prescriptions, invoices, billing statements.

35. All documents that constitute, evidence, support, relate to or refer to your contention that you suffered emotional distress.

DEFENDANT AT&T OPERATIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
Case No C 07-02600 JCS

8

## PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105

On October 9, 2007, I served the document named below on the parties in this action as follows:

**DEFENDANT AT&T OPERATIONS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

__X__ (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ (BY PERSONAL SERVICE) I personally served each document listed above on the addressee(s) noted below.

____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

M. VAN SMITH
1696 Mendenhall Drive
San Jose, California 95130

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __October 9, 2007__, at San Francisco, California.

*Constance Jacobs*

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605