1 M. VAN SMITH
State Bar No. 32007
2 1696 Mendenhall Drive
San Jose, California 95130
3 Telephone (408) 364-1062
4
5 Attorney for Plaintiff
DELLA KING
6
7 THE UNITED STATES DISTRICT COURT
8 NORTHERN DISTRICT OF CALIFORNIA
9

10 DELLA KING,                         Case No. C 07-02600 JCS
11                Plaintiff,
          vs.                          DECLARATION OF M. VAN SMITH
12                                     IN SUPPORT OF REQUEST TO
                                       EXTEND DATE OF ADR
13 AT&T OPERATIONS, INC., corporation,
   et al.,
14                Defendants.
                                    /
15

16   I, M. Van Smith, state under the penalty of perjury, the following:

17   1. I am the attorney for the Plaintiff in the above-entitled case.

18   2. The ENE was ordered to be completed by February 25, 2008;

19   3. On January 3, 2008, I consulted Dr. Sherry Wren about surgery to treat
20 three cancerous tumors in my stomach. Dr. Sherry Wren is a surgeon and professor
21 at Stanford University. Dr. Wren scheduled surgery she will perform on January 22,
22 2008. It is her opinion and that of my oncologist that the three tumors are cancerous.
23 However, it cannot be determined exactly what kind of cancer the tumors are until the
24 surgery. The surgeon will biopsy the tumors during the surgery and have them
25 examined by the physiologist to determine the type of the tumors. If the tumors are one
26 type of cancer, the tumors will be removed. A section of the intestine will also be
27 removed if a tumor is removed. This is necessary because a blood vessel that
28 provides blood to a section of the intestine will be excised with one of the tumors. The

Case 3:07-cv-02600 JCS  Document 20  Filed 01/11/2008  Page 2 of 3

1 intestine will be re-attached.

2     4.  If the tumors are a type of cancer that responds to medicine, the tumors will not be removed, but will be treated with medication

    5.  I will also have a hernia repaired

    6.  The surgery is considered major surgery. I will be confined to the hospital for a seven days for post-operative care and medication. After that I will be convalescing for five weeks, during which I cannot drive. There is considerable pain after the surgery. I will be taking medication for the pain. This affects mentation. That is why one is not allowed to drive. There will be physical exercise required after the surgery to activate the colon, which shuts down because of the surgery. Because of the pain and medication, I do not believe that I would be able have the mental concentration to prepare for and participate in the ENE that is scheduled for February 21, 2008

    7.  There are also unresolved discovery issues. The Defendant initially stone-walled interrogatories served by Plaintiff by objecting to every interrogatory. Counsel discussed this and it was promised that Defendant would provide meaningful discovery by January 9, 2008. Defendant responded, but the response provided essentially no information

    8.  Plaintiff was an employee of 26 years who rose to management from telephone operator. She had been considered an outstanding employee until a few days after she complained to the management employee who decided to terminate her employment that the company had been illegally withholding her pay. A few days after she complained, Plaintiff was given a letter that she would be terminated because of a surplus of employees. (It was not true that there was a surplus of employees.) Plaintiff applied for a position with another department. The manager of the other department was favorably impressed with the interview of Plaintiff and told Plaintiff that she would be hired and there would be nothing to do but the paper-work to have her come to work in the manager's department. However, on the day she was to have been hired to work in the new position, the manager who decided she was a surplus employee

DECLARATION IN SUPPORT OF EXTENSION OF DATE OF ADR

1  contacted the manager and said derogatory and untrue statements about Plaintiff that
2  caused the manager to withdraw an offer to hire Plaintiff into the new position.
3  Plaintiff served interrogatories to discover the substance of the conversations
4  management had about Plaintiff  Defendant has refused to provide this information
5  after having promised several times to provide meaningful responses to discovery.
6  This has been aggravating because Plaintiff has provided full discovery of all the facts
7  on which her case is based

8      I believe it will be necessary to bring a motion to compel Defendant to make a
9  meaningful response to discovery  I will endeavor to prepare and file a motion before I
10 have the surgery on January 22, 2008, but I do not anticipate that the discovery issues
11 will be heard or resolved before the date of the ENE.  I do not think that there can be a
12 meaningful ENE without knowing the evidence that Defendant intends to use to prove
13 its contention that Plaintiff's performance was the motivation for her being terminated
14 from employment.

15     Executed at San Jose, California, on January 11, 2008.

17                              /s/ M. Van Smith
                               M. VAN SMITH
18                             Attorney for Plaintiff

3

**DECLARATION IN SUPPORT OF EXTENSION OF DATE OF ADR**