M. VAN SMITH (SBN 32007)
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062
Attorney for Plaintiff,
DELLA KING

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>              Plaintiff,<br><br>        vs.<br><br>AT&T OPERATIONS, INC., corporation, et al.,<br><br>              Defendants. | Case No. C 07-02600 JCS<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION FOR LEAVE TO AMEND<br><br>Date: April 25, 2008<br>Time: 9:30 a.m.<br>Courtroom A, 15th Floor<br>Hon. Joseph C. Spero |

On page two of its memorandum, Defendant AT&T ("AT&T") argues that just cause is not shown to for allowing an amendment when deadlines would be continued. Contrary to this implication, there are no deadlines that have been ordered by the court. Furthermore, judging by the accomplishment of discovery and other benchmarks of case progress, this case is in the nascent stage despite the time that has elapsed since the case was filed. Plaintiff ("Employee") still has received no meaningful discovery on a few interrogatories and documents requested, a matter set for hearing on April 15, 2008.

AT&T cites *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 409, a case in which the court had made a scheduling order. The court noted that the plaintiff's attorney had discovered the factual basis for requested amendment but did not pay attention to the responses. In our case the deposition of the Employee revealed the bases of discrimination that had been overlooked. Employee's counsel did what the court said that

1

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**

the attorney in *Johnson* had not done in bringing a motion as soon as practical to amend the complaint after recovering from cancer (not heart) surgery.

On page five AT&T argues that the amended complaint will prejudice it because of the need for additional discovery, citing *Lockheed Martin Corp. v. Net Worth Solutions, Inc.* (9th Cir. 1999) 194 F.3d 980, 986. In *Lockheed* the parties had stipulated to a deadline for amending or supplementing the pleadings. The factual basis for the amendment, moreover, was known to three months before the deadline.   As previously noted, there is no deadline in our case.

AT&T cannot truthfully contend that it was denied the opportunity to discover the facts on which the race and sexual orientation discrimination of Employee is based  when AT&T deposed her on these bases of discrimination.  The following is an excerpt form the deposition of Employee pages 228 to 231:

```
  I see on this -- we've talked about age and
 1  we've talked about the physical disability.  I see you've
 2  circled "race," "color."
 3       Who discriminated -- what led you to allege
 4  "race," "color" as the basis for discrimination for your
 5  DFEH complaint?
 6    A.  My conversations and interactions with Kimberly
 7  Gibson.
 8    Q.  Okay.  And what race is Kimberly Gibson?
 9    A.  She's African-American.
10    Q.  Okay.  And why do you allege that she
11  discriminated against you based on your race or color?
12    A.  Because I feel she did.  She made a comment, not
13  just once, but she made reference to the fact that, "Oh,
14  you're mixed."  And from that, I could only surmise that
15  she didn't like it, or I assumed from that comment that
16  maybe she wasn't.  I thought that was out of context, and
17  I called her on it.
18    Q.  And what did you say to her?
19    A.  I told her that was an inappropriate comment.
20  What difference does it make.
21    Q.  When did she make those comments to you?
22    A.  In 2004.  I don't want to guess at a date.
23    Q.  Okay.  That's fine.  Are you alleging race as a
24  basis for discrimination in your current lawsuit?
25    A.  Yeah.  I think it's part of it.  I did not
```

2

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**

```
 1  mention it because I'd forgotten I filed this and I had
 2  checked race.  But I believe it's a part of it.
 3     Q.  Okay.  Anybody else discriminate against you based
 4  on race or color?
 5     A.  No.
 6     Q.  Okay.  The paragraph below where it says:
 7         "Was because of [please state what you
 8         believe to be reason(s)]."
 9         Do you see that?
10     A.  Yes, I do.
11     Q.  It says:  "I believe the reasons to be age," which
12  you've talked about, "race," which you've talked about --
13     A.  Yes.
14     Q.  -- "sexual orientation, disability resulting in
15  lost time from work, and retaliation."
16         What is the sexual orientation basis that -- or
17  what is the basis for the sexual orientation -- strike
18  that.
19         What is the basis for the inclusion of sexual
20  orientation in the list of reasons that you feel you were
21  discriminated against?
22     A.  Kimberly made several comments to me.  One was
23  regarding my age, and one was my sexual preference.
24     Q.  And what were the comments she made to you?
25     A.  Disparaging remarks.  "Why are you gay?"  There
 1  was no need for this.  That's just as bad as her saying
 2  "Oh, you must be mixed," in a snotty tone.
 3     Q.  I'm sorry.
 4     A.  You asked.  I'm sorry.  I'm through.
 5     Q.  How many times had she made that comment to you?
 6     A.  Once each because I commented each time.
 7     Q.  So once about race and once about sexual
 8  orientation?
 9     A.  Yes.
10     Q.  Okay. And do you recall when she made that
11  comment to you about sexual orientation?
12     A.  No.  I just know that it was in 2004.
13     Q.  And did she take any adverse action against you
14  based on sexual orientation?
15         MR. SMITH:  Objection.  Calls for a legal
16  conclusion.
17         MR. HAYASHI:  Q.  You can answer.
18     A.  Okay.  I didn't know.  What was the question?
19         MR. SMITH:  Did she take adverse action against
20  you?
21         MR. HAYASHI:  Q.  Based on sexual orientation?
```

3

```
22   A.  Yeah.  I think that hampered our work rapport
23   because -- it hampered that, and I think that was part of
24   the reason she wrote that document, that exhibit whatever
25   it was, 3, 4 --
 1       MR. HAYASHI:  Q.  The 2004 --
 2   A.  Yes.
 3   Q.  -- A&D evaluation?
 4   A.  Yeah.
 5   Q.  Did she tell you you got a bad evaluation because
 6   of your sexual orientation?
 7   A.  No, she did not.
 8   Q.  Okay.  Did Ms. Gibson take any adverse action
 9   against you based on race?
10   A.  No.  Other than the comment, no.
11   Q.  Okay.  Can you turn to the third page attached to
12   this exhibit?
```

On page seven of its memorandum AT&T argues that the complaint cannot relate back because of the Third Amended Complaint contains entirely new theories of discrimination. The issue is not whether new theories are added, but whether there was notice. AT&T does not contend that it did not have notice, but that it had reason to believe these bases would not be raised because they were not pleaded. AT&T does not mention the cases on which Employee relies which dealt with administrative complaints being notice of legal complaints. *Bernstein v. National Liberty International Corp.* (E.D. Pa. 1976) 407 F.Supp. 709, 713 - 714; *Baruah v. Young* (D Md. 1982) 536 F. Supp. 356; *Dent v. United States Postal Service* ( S.D. Ohio 1982) 538 F. Supp. 1079; *Anderson v. Montgomery Ward* (7th Cir. 1988) 852 F. 2d 1008, 1018.

AT&T concludes that it should be awarded attorney's fees because of further discovery necessary, despite its having deposed Employee on the additional bases of discrimination, a point discussed above.

### CONCLUSION

Plaintiff respectfully submits that it is in the interest of justice that Plaintiff be granted leave to file the Third Amended Complaint.

Dated: April 9, 2008.

4

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**

_____
M. VAN SMITH
Attorney for Plaintiff

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO FILE THIRD AMENDED COMPLAINT**