M. VAN SMITH
State Bar No. 32007
1696 Mendenhall Drive
San Jose, California 95130
Telephone (408) 364-1062

Attorney for Plaintiff
DELLA KING

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

_____

DELLA KING,                                           Case No. 07-02600 JCS

                Plaintiff,           THIRD AMENDED COMPLAINT
    vs.                                                 1. Retaliation
                                      2. Disability Discrimination
AT&T OPERATIONS, INC., corporation,       3. Age Discrimination
et al.,                                                    4. Sexual Orientation Discrimination
                Defendants.       5. Race Discrimination
_____/

JURY TRIAL DEMANDED

    Plaintiff alleges:

FIRST CLAIM
RETALIATION IN VIOLATION OF PUBLIC POLICY

    1. Plaintiff was employed by SBC Operations Inc. SBC Operations Inc.is now known as or operated as AT&T Operations Inc., a corporation organized in the State of Delaware. AT&T Operations Inc. will be referred to herein as AT&T.

    2.  Defendants  Does One through Five are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for wrongs and damages as alleged below, conspired to commit the wrong alleged herein, and acted as the agent and employee of AT&T.

    3.  Plaintiff was employed by AT&T. On Mary 19, 2005, she  returned to work part time (20 hours per week) from a disability.

**1**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

4. Plaintiff received a pay check dated June 3, 2005 for the pay period May 16, 2005 to May 31, 2005. The check was for $2,358.84 with $312 as a disability offset.

5. Plaintiff received a pay check dated June 20, 2005 for the pay period June 1, 2005 to June 15, 2005. The check was for $2,670.84. There was no disability offset.

6. Plaintiff received a pay check dated July 5, 2005, for the pay period June 16, 2005 to June 310, 2005. The check was for $607. There were disability offsets of $971 and $1,092.62. Plaintiff spoke to the administrators of AT&T's payroll and AT&T Medical Absence and Accommodation Resource Team ("SMAART"). Plaintiff claimed that the offset was excessive. Plaintiff was not able to resolve the dispute.

7. Plaintiff received no pay for the pay period July 1, 2005 to July 15, 2005. AT&T made disability offsets of $2,408.14 and $1,560, leaving plaintiff with no pay and a negative balance of $1,297.32, to be taken from her next pay check.

8. From July 22, 2005 until September 6, 2005, plaintiff was on full disabillty and then she returned to work part time. AT&T and SMAART discovered that too much had been offset from the pay of plaintiff.

9. On September 16, 2005, plaintiff spoke to Steven Grimm about the problem she was having getting payment of her wages and how AT&T had acted illegally in making offsets from her wages.

10. On September 21, 2005, plaintiff returned to work.

11. Stephen Ellis gave plaintiff a Surplus Notification letter from stating that the position of plaintiff with AT&T was being eliminated.

12. Even though plaintiff was given the Surplus Notification letter, another employee with the same title, same job, and same responsibilities recruited to do the work that plaintiff had been doing.

13. A motivation for giving plaintiff the Surplus Notification letter was the complaints of plaintiff of the deductions from her wages that reasonably appeared to plaintiff to violate the right of plaintiff not to be subjected to self-help deductions from her wages in violation of Labor Code §§221, 224, CCP §487.020, *Hudgins v. Neiman*

**2**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

*Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1118-1119, and *Kerr's Catering v. DIR* (1962) 57 Cal.2d 319, 369.

14. AT&T retaliated against plaintiff by causing her to be terminated from her employment.

15. As a direct result of the retaliation, plaintiff sustained special damages in an amount according to proof in the loss of back pay, front pay, and benefits that plaintiff would have had if she not been forced to terminate her employment with AT&T.

16. The conduct of AT&T was fraudulent, oppressive, or malicious. Plaintiff should be entitled to punitive damages.

WHEREFORE, plaintiff prays for special and general damages according to proof, exemplary damages according to law, prejudgment interest according to law, costs of suit, attorney's fees, and for such other relief as the court deems proper.

### SECOND CLAIM,
### DISCRIMINATION BECAUSE DISABILITY

17. Plaintiff incorporates the allegations of paragraphs one through 16.

18. AT&T perceived that plaintiff suffered from a disability.

19. The policy of AT&T was to discriminate persons who had disabilities or persons who AT&T perceived as having disabilities or who take sick time.

20. The motivation of the adverse action against plaintiff was in part because AT&T perceived plaintiff as being disabled or sickly. Plaintiff was not disabled and would have been able to do the work assigned to her.

21. Plaintiff exhausted her administrative remedies. Plaintiff filed a complaint with the Department of Fair Employment & Housing. On August 30, 2006, plaintiff received a right-to-sue letter from the Department of Fair Employment & Housing.

WHEREFORE, plaintiff prays for judgment as prayed above.

### THIRD CLAIM

### DISCRIMINATION BECAUSE OF AGE

22. Plaintiff incorporate the allegations of paragraphs one through 21.

**3**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

23. Plaintiff was over the age of 40 years.

24. The motivation in part for the adverse action against Plaintiff was her age.

WHEREFORE, Plaintiff prays for judgment as prayed above.

## FOURTH CLAIM

## DISCRIMINATION BECAUSE OF AGE

25. Plaintiff incorporates the allegations of paragraphs one through 21.

26. The sexual orientation of Plaintiff is lesbian.

27. Defendant's manager Kimberly Gibson gave Plaintiff an adverse employment rating in part because of the sexual orientation of Plaintiff.

WHEREFORE, Plaintiff prays for judgment as prayed above.

## FIFTH CLAIM

## DISCRIMINATION BECAUSE OF RACE

28. Plaintiff incorporates the allegations of paragraphs one through 21.

29. The race of Plaintiff is a mix of African American and Hispanic.

30. Defendant's manager Kimberly Gibson gave Plaintiff an adverse employment rating in part because of the mixed race of Plaintiff.

WHEREFORE, Plaintiff prays for judgment as prayed above.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trail by jury.

Dated: April 16, 2008.

/s/ M. Van Smith
M. VAN SMITH
Attorney for Plaintiff

**4**

**THIRD AMENDED COMPLAINT FOR DAMAGES**