LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:   (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC.

M. VAN SMITH (State Bar No. 32007)
1696 Mendenhall Drive
San Jose, California 95130
Telephone:  (408) 364-1062
Facsimile:  (408) 273-6496

Attorney for Plaintiff
DELLA KING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>            Plaintiff,<br><br>vs.<br><br>AT&T OPERATIONS, INC., corporation, et al.,<br><br>            Defendants. | Case No.  C 07-02600 JCS<br><br>**JOINT CONTINUED CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        April 25, 2008<br>Time:        1:30 p.m.<br>Location:   Courtroom A, 15th Floor<br>Judge:       Honorable Joseph C. Spero |

        Plaintiff Della King ("plaintiff") and defendant AT&T Operations, Inc. ("defendant")

(collectively referred to as the "parties") submit the following Joint Statement for the Continued

Case Management Conference pursuant to F.R.C.P., Rule 26(f) and Local Rule 16-9.

        1.        Summary of Facts

        Plaintiff alleges that she complained to defendant of deductions being made from her

paycheck after her return from a disability leave.  She alleges that a surplus notification letter was

issued to her in retaliation for her complaints.  She also contends that the issuance of the surplus

notice was discriminatory because defendant wrongfully perceived she was disabled and because of her age, sexual orientation and race.[1]  Plaintiff's employment ended on October 21, 2005. Plaintiff further alleges when she was unable to transfer to another department after a favorable interview with the manager of that department.  The day after the favorable interview, that manager was contacted by Steve Ellis who brought to her attention the performance issues of Plaintiff, apparently based on a performance review that was done while Plaintiff was on medical leave and to which Plaintiff was not given the opportunity to meet and discuss before the review. The offer was withdrawn by the manager who stated the desire to hire Plaintiff and Plaintiff was terminated as a surplus employee.

Defendant denies plaintiff's allegations.  All employment decisions regarding plaintiff were based on legitimate, non-discriminatory reasons.

Factual disputes in this case involve:

a.    Deductions from plaintiff's paychecks and her alleged complaint of deductions;

b.    Plaintiff's medical condition(s) and her disability leave(s) during the relevant time period to this action;

c.    Whether defendant perceived plaintiff as being disabled;

d.    The reasons for issuing a 30 day surplus notification letter to plaintiff;

e.    What actions plaintiff took after plaintiff received the surplus notification letter;

f.    Plaintiff's job performance; and

g.    Damages.

2.    Legal Issues

The following legal issues are in dispute:

a.    Did plaintiff engage in a protected activity when she allegedly complained about deductions from her paycheck;

---

[1] Plaintiff's Third Amended Complaint was filed on April 16, 2008, pursuant to the Court's ruling on plaintiff's motion for leave to amend granted on April 15, 2008.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No. C 07-02600 JCS

1            b.       Whether defendant perceived plaintiff as being disabled;

2            c.       Whether defendant issued plaintiff a surplus notification letter in

3 retaliation for her complaints about deductions to her paycheck, a perceived disability, her age,

4 sexual orientation and/or her race;

5            d.       Whether plaintiff was wrongfully terminated and suffered injury from the

6 termination; and

7            e.       Whether plaintiff mitigated her damages.

8      3.     <u>Motions</u>

9 Defendant anticipates filing a motion for summary judgment and motions in limine.

10      4.     <u>Amendment of Pleadings</u>

11 The Court granted plaintiff's motion for leave to file a Third Amended Complaint on

12 April 15, 2008. Plaintiff filed her Third Amended Complaint on April 16, 2008.

13      5.     <u>Discovery</u>

14 The case was assigned to an Early Neutral Evaluation with each side to take one

15 deposition. Defendant has taken the first session of plaintiff's deposition, to be continued.

16 Defendant and plaintiff have propounded written discovery (i.e., interrogatories, request

17 for documents, and requests for admissions). Defendant issued subpoenas for plaintiff's medical

18 records. The parties agreed to have a protective order to govern sensitive medical and corporate

19 records.

20      <u>Plaintiff's Further Statement:</u>

21 Plaintiff contemplates taking the deposition of the employees of AT&T Operations who

22 participated in the decision to give Plaintiff an adverse employment rating and to use rating as a

23 pretext to keep her from being able to transfer to another department instead of being terminated

24 as a surplus employee. After the discovery negotiation on April 15, 2008, the parties pledged to

25 cooperate in discovery and put aside the contentiousness there has been. Plaintiff submits that it

26 is too early to decide on time for the close of discovery.

27      6.     <u>Relief</u>

28 Damages will be loss of earnings and benefits during the period of unemployment.

1    Plaintiff also claims damages for mental illness due to the stress of being terminated.

2        7.    Settlement and ADR

3    The parties are assigned to an Early Neutral Evaluation.  The court has assigned the

4    matter to Linda McPharlan, McPharlan, Spreckles & Thomas LLP.

5        8.    Narrowing of Issues

6    The parties have not agreed to the narrowing of any issues at this time.

7    Plaintiff's Further Statement:

8    However, there are many facts that can and should be agreed upon once the discovery has

9    been completed.   Much of the facts are not or should not be in dispute.  The dispute is mainly

10   what inferences are to be made from the facts.  Plaintiff requests that when the basic facts have

11   been discovered, the court order the parties to stipulate to the facts that are not seriously disputed.

12   This should save trial days.

13       9.    Trial

14   Plaintiff requests a jury trial.   Defendant estimates the trial will last 15 days; Plaintiff

15   estimates 10 trial days.

16   DATED: April 18, 2008           LAFAYETTE & KUMAGAI LLP

17                             /s/  Susan T. Kumagai

18                          SUSAN T. KUMAGAI
                            Attorneys for Defendant

19                          AT&T OPERATIONS, INC.

20   DATED: April 17, 2008           /s/ M. Van Smith
                            M. VAN SMITH

21                          Attorney for Plaintiff
                            DELLA KING

22

23   **CERTIFICATE OF SERVICE**

24   I certify that a copy of this document was served electronically on April 18, 2008, on
     counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by

25   use of the Court's ECF system.

26                          /s/ SUSAN T. KUMAGAI
                            SUSAN T. KUMAGAI

27   ATT\King\Pldg\joint cmc#2.(2).doc

28

                                                                        4