LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
SUSAN T. KUMAGAI (State Bar No. 127667)
DENNIS W. HAYASHI (State Bar No. 087077)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
AT&T OPERATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA KING,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AT&T OPERATIONS, INC., corporation, et al.,<br><br>　　　　　Defendants. | Case No. 07-02600 JCS<br><br>**DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Third Amended Complaint filed: April 16, 2008 |

Defendant AT&T OPERATIONS, INC. ("defendant"), answers plaintiff Della King's ("plaintiff") Third Amended Complaint ("Complaint") as follows:

<u>FIRST CLAIM</u>
(Retaliation in Violation of Public Policy)

1.　Answering paragraph 1 of the Complaint, defendant admits that plaintiff was employed by AT&T Operations, Inc. AT&T Operations, Inc. was incorporated and has its principal place of business in the State of Texas.

2.　Answering paragraph 2 of the Complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

3.　Answering paragraph 3 of the Complaint, defendant admits plaintiff was employed by AT&T Operations, Inc., that she took a leave from work for an alleged medical

///

1  condition, she returned in May 2005, and was restricted to a reduced work schedule which
2  restriction defendant honored.
3      4.   Answering paragraph 4 of the Complaint, defendant admits the material
4  allegations contained therein.
5      5.   Answering paragraph 5 of the Complaint, defendant admits the material
6  allegations contained therein.
7      6.   Answering paragraph 6 of the Complaint, defendant admits that plaintiff received
8  a paycheck dated July 5, 2005, for the pay period June 1, 2005 to June 15, 2005, for $607.00 and
9  that the check reflected disability offsets of $971.00 and $1,092.62.  Except as so expressly
10 admitted, defendant asserts it lacks sufficient information to form a belief as to the truth of the
11 material allegations therein, including allegations based on the vague and ambiguous term "not
12 able to resolve the dispute" and, on that basis, denies them.
13     7.   Answering paragraph 7 of the Complaint, the terms "no pay," "negative balance"
14 and "to be taken from her next paycheck" are vague and ambiguous, therefore, defendant asserts
15 it lacks sufficient information to form a belief as to the truth of the allegations therein and, on that
16 basis, denies them.
17     8.   Answering paragraph 8 of the Complaint, defendant admits plaintiff was out on
18 disability leave from approximately July 22, 2005 to September 5, 2005 and returned to work
19 with a restriction for a reduced work schedule which defendant honored.  Except as so expressly
20 admitted, defendant asserts it lacks sufficient information to form a belief as to the truth of the
21 allegations therein, including allegations based on vague and ambiguous terms "full disability"
22 and "too much had been offset" and, on that basis, denies them.
23     9.   Answering paragraph 9 of the Complaint, defendant admits plaintiff contacted
24 Steven Grimm about deductions in her paycheck.  Except as so expressly admitted, defendant
25 asserts it lacks sufficient information to form a belief as to the truth of the allegations therein,
26 and, on that basis, denies them and specifically denies plaintiff told Grimm that AT&T
27 Operations, Inc. was acting illegally in making offsets from her wages or for any other reason.
28 ///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

10. Answering paragraph 10 of the Complaint, defendant denies the material allegations therein.

11. Answering paragraph 11 of the Complaint, defendant admits that Stephen Ellis gave plaintiff a surplus notification that her position with AT&T Operations, Inc. was being eliminated.

12. Answering paragraph 12 of the Complaint, defendant denies the material allegations contained therein.

13. Answering paragraph 13 of the Complaint, defendant denies the material allegations contained therein.

14. Answering paragraph 14 of the Complaint, defendant denies the material allegations contained therein.

15. Answering paragraph 15 of the Complaint, defendant denies the material allegations contained therein and specifically denies plaintiff was damaged in the manner alleged or any manner whatsoever as a result of conduct by this answering defendant.

16. Answering paragraph 16 of the Complaint, defendant denies the material allegations contained therein and specifically denies plaintiff was damaged in the manner alleged or any manner whatsoever as a result of conduct by this answering defendant.

SECOND CLAIM
(Discrimination Because of Disability)

17. Answering paragraph 17 of the Complaint, defendant hereby incorporates its answers and responses to paragraphs 1 through 16 of the Complaint.

18. Answering paragraph 18 of the Complaint, defendant denies the material allegations contained therein.

19. Answering paragraph 19 of the Complaint, defendant denies the material allegations contained therein.

20. Answering paragraph 20 of the Complaint, defendant denies that defendant was motivated by plaintiff's disability, perceived or otherwise, in making employment decisions regarding plaintiff. Defendant admits plaintiff was able to perform the essential functions of

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  her job with or without accommodations. Except as so expressly denied and admitted, defendant
2  lacks sufficient information to form a belief as to the truth of the material allegations therein and,
3  on that basis, denies them.

4      21.    Answering paragraph 21 of the Complaint, defendant admits that plaintiff filed a
5  complaint with the Department of Fair Employment and Housing. Except as so expressly
6  admitted, defendant lacks sufficient information to form a belief as to the truth of the other
7  material allegations therein and, on that basis, denies them.

## THIRD CLAIM
(Discrimination Because of Age)

10      22.    Answering paragraph 22 of the Complaint, defendant hereby incorporates its
11  answers and responses to paragraphs 1 through 21 of the Complaint.

12      23.    Answering paragraph 23 of the Complaint, defendant admits the material
13  allegation contained therein.

14      24.    Answering paragraph 24 of the Complaint, defendant denies that it discriminated
15  against plaintiff on the basis of age, or for any reason.

## FOURTH CLAIM
(Discrimination Because of Age[sic])

18      25.    Answering paragraph 25 of the Complaint, defendant hereby incorporates its
19  answers and responses to paragraphs 1 through 21 of the Complaint.

20      26.    Answering paragraph 26 of the Complaint, defendant lacks sufficient information
21  to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

22      27.    Answering paragraph 27 of the Complaint, defendant denies the truth of the
23  material allegations therein.

## FIFTH CLAIM
(Discrimination Because of Race)

26      28.    Answering paragraph 28 of the Complaint, defendant hereby incorporates its
27  answers and responses to paragraphs 1 through 21 of the Complaint.
28  ///

29.   Answering paragraph 29 of the Complaint, defendant lacks sufficient information to form a belief as to the truth of the material allegations therein and, on that basis, denies them.

30.   Answering paragraph 30 of the Complaint, defendant denies the truth of the material allegations therein.

## FIRST AFFIRMATIVE DEFENSE

31.   As a first, separate and affirmative defense, defendant asserts that plaintiff fails to allege facts sufficient to constitute a cause of action against defendant.

## SECOND AFFIRMATIVE DEFENSE

32.   As a second, separate and affirmative defense, defendant asserts that plaintiff failed to properly exhaust applicable administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

33.   As a third, separate and affirmative defense, defendant asserts that this action cannot be maintained because statutory prerequisites have not been fulfilled.

## FOURTH AFFIRMATIVE DEFENSE

34.   As a fourth, separate and affirmative defense, defendant asserts that it had no knowledge of any alleged discrimination and/or retaliation.

## FIFTH AFFIRMATIVE DEFENSE

35.   As a fifth, separate and affirmative defense, defendant asserts that any damages sustained by plaintiff were either wholly or in part negligently caused by plaintiff's own actions, inactions, or delay in acting, and said negligence comparatively reduces the percentage of negligence, if any, by defendant.

## SIXTH AFFIRMATIVE DEFENSE

36.   As a sixth, separate and affirmative defense, defendant asserts that the Complaint and each cause of action alleged therein are barred under applicable statutes of limitation including, but not limited to, those set forth in California Code of Civil Procedures §§340, 335.1, 338 and California Government Code §§12940, *et seq.*

///

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5
DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

### SEVENTH AFFIRMATIVE DEFENSE

37. As a seventh, separate and affirmative defense, defendant asserts that to the extent plaintiff seeks relief for mental and/or emotional distress her claims are preempted by the exclusivity provisions of California Workers' Compensation Act, Labor Code §§3200, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

38. As an eighth, separate and affirmative defense, defendant asserts that the alleged damages sustained by plaintiff were caused by persons, firms, corporations, entities or organizations other than defendant, and by reason thereof, defendant is not liable to plaintiff for any alleged injuries, losses or damages.

### NINTH AFFIRMATIVE DEFENSE

39. As a ninth, separate and affirmative defense, defendant asserts that plaintiff failed to mitigate her damages, if any, and said failure to mitigate bars plaintiff from recovery in this action.

### TENTH AFFIRMATIVE DEFENSE

40. As a tenth, separate and affirmative defense, defendant asserts that plaintiff is guilty of laches and unreasonably delay in bringing this action and in asserting any cause of action against defendant, and such unreasonable delay is without good cause and is substantially prejudicial to defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

41. As an eleventh, separate and affirmative defense, defendant asserts that it exercised reasonable care to prevent and promptly correct the alleged conduct and plaintiff failed to take advantage of any preventative or corrective measures provided by defendant to avoid the alleged harm.

### TWELFTH AFFIRMATIVE DEFENSE

42. As a twelfth, separate and affirmative defense, defendant asserts that an award of punitive damages is unconstitutional under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

43. As a thirteenth, separate and affirmative defense, defendant asserts that the Complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and that the Complaint and each cause of action alleged therein fail to state sufficient and specific facts to support the underlying allegations of malice, fraud and oppression.

### FOURTEENTH AFFIRMATIVE DEFENSE

44. As a fourteenth, separate and affirmative defense, defendant asserts that plaintiff failed to use ordinary care and diligence in the performance of her duties, thus her claims are barred by Labor Code §2854.

### FIFTEENTH AFFIRMATIVE DEFENSE

45. As a fifteenth, separate and affirmative defense, defendant asserts that the complained-of actions were taken with just cause and were not in violation of any federal or state statute.

### SIXTEENTH AFFIRMATIVE DEFENSE

46. As a sixteenth, separate and affirmative defense, defendant asserts that the alleged adverse employment action of which plaintiff complains was based on one or more legitimate, non-discriminatory reasons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

47. As a seventeenth, separate and affirmative defense, defendant asserts that it did not ratify and/or approve any wrongful conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

48. As an eighteenth, separate and affirmative defense, defendant asserts that it would have acted in the manner alleged regardless of plaintiff's alleged disability, age, sexual orientation and/or purported protected act.

///

///

///

### NINETEENTH AFFIRMATIVE DEFENSE

49. As a nineteenth, separate and affirmative defense, defendant asserts that plaintiff consented to and acquiesced in the alleged acts or omissions, if any, barring plaintiff from any relief as prayed for in her Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

50. As a twentieth, separate and affirmative defense, defendant asserts that it had no knowledge of any protected activity in which plaintiff allegedly engaged.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

51. As a twenty-first, separate and affirmative defense, defendant asserts that to the extent plaintiff engaged in a protected act, she did so in bad faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

52. As a twenty-second, separate and affirmative defense, defendant asserts that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

53. As a twenty-third, separate and affirmative defense, defendant asserts that plaintiff is not a qualified disabled individual as a matter of law.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

54. As a twenty-fourth, separate and affirmative defense, defendant asserts that it is entitled to recover reasonable expenses, including attorneys' fees, from plaintiff and her counsel, and that plaintiff's complaint, and each purported cause of action or count thereunder, is frivolous and was brought and maintained in bad faith and without reasonable cause, is totally and completely without merit, and was brought for the sole purpose of harassing defendant.

WHEREFORE, defendant prays:

1. That plaintiff take nothing by the Complaint;
2. That the Complaint be dismissed with prejudice;

///

///

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

8

DEFENDANT AT&T OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED
THIRD AMENDED COMPLAINT
Case No. 07-02600 JCS

    3.    That defendant recover its costs of suit herein, including reasonable attorneys' fees; and

    4.    This Court grant such other further relief as it may deem appropriate.

DATED: May 5, 2008                LAFAYETTE & KUMAGAI LLP

                                       */s/ Susan T. Kumagai*
                                       SUSAN T. KUMAGAI
                                       Attorneys for Defendant
                                       AT&T OPERATIONS, INC.

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was served electronically on May 5, 2008, on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                       */s/ Susan T. Kumagai*
                                       SUSAN T. KUMAGAI

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605